D. GAVIN, Appellant, *v.* ANNAN, LORD & Co., Respondents.

Where defendant's answer is a general denial, it has the same influence as a plea of the general issue at common law ; and accord and satisfaction may be given in evidence.  [See the case of McLarran v. Spalding, decided at this term, page 510.]

The principle that a liability cannot be discharged by a less sum than the amount due, applies to payments in money, and has never been extended to a case where merchandize or property in goods was accepted in satisfaction.

APPEAL from the Superior Court of the City of San Francisco.

The complaint states, that about the 30th of October, 1850, one Samuel G. Chaffe being in negotiation with the plaintiff, with the view to the consummation thereof and for value received, gave an order on the defendants for $1000 in favour of plaintiff, or order, which was duly presented to and accepted by defendants.    That the original order was destroyed in the fire of 3d May last, but the following is a literal transcript.

$1000.                                    San Francisco, Oct. 30, 1851.
        Messrs. Annan, Lord & Co.

Pay to D. Gavin or order one thousand dollars after paying a previous order to yourselves of fifteen hundred dollars.

                                                    Sam'l G. Chaffe.
[Written across the face—Accepted, Annan, Lord & Co.]

That defendants paid on this order $448.58, leaving the balance still due and unpaid, and which they refuse to pay.    Wherefore plaintiff asks judgment for the balance with interest and costs.

Defendants demurred for cause ; 1st. that the complaint does not state the names of the defendants ; 2d, nor a cause of action, or consideration for the acceptance ; nor the amount claimed.

And answer and deny the acceptance of a draft of the tenor and import of that set forth in the complaint ; and deny the execution of any such draft ; and deny that they are indebted to the plaintiff in any manner whatever ; and pray judgment, &c.

The case was tried by the Court, the parties having waived a jury.

The plaintiff proved that he, being the owner of a ship, was in negotiation with Samuel G. Chaffe and another person for the sale of it, and contracted to sell them the vessel; and in part payment took the second order of Chaffe upon the defendants for $1000, payable after paying a previous order of $1500, out of goods in their hands and for sale on account of the drawer, which was accepted as stated. That previous to the acceptance, and previous to executing a bill of sale of the ship to the purchasers, the plaintiff called upon the defendants to know if they had full security in their hands to meet the acceptance, to which they responded in the affirmative; upon which the plaintiff executed a conveyance of the ship to the purchasers, one of whom was the said Chaffe, the drawer of the order, and accepted in payment the acceptance of the defendants.

The defendants proved by a clerk, that plaintiff called several times on defendants for payment of the order, which was refused by defendants, because the goods were not sufficient to satisfy the amount; and insisted that they had only to pay provided the goods held out; but said, the balance of the goods were at plaintiff's service if he would be content to receive them in full. That plaintiff refused to receive them in full; but finally it was agreed that plaintiff should take the goods in full, and a receipt was so drawn, and plaintiff was required to sign it before receiving the goods, which he refused to do. Witness then advised defendants that they had better let plaintiff have the goods, as it was understood he was to execute the receipt proposed. Defendants concluded to do so, and delivered the goods to plaintiff, who finally refused to sign the receipt.

Witness knew that the $1500 and commissions, &c., had been paid out of the proceeds of Chaffe's goods; but had no recollection of Chaffe's account with defendants; and could only ascertain it by reference to defendants' books.

The plaintiff's counsel moved the judge (sitting as a jury) to exclude from his consideration all the evidence introduced by defendants for the purpose of proving that the plaintiff agreed to take certain goods in their hands, being the balance of a lot left with them by the drawer of the bill in question in full satisfaction of their acceptance of said bill; the Court refused so to do; and plaintiff excepted.

Oct. 23.—Defendants' counsel moved for a nonsuit, which the Court overruled. The Court, then after hearing the above evidence, found for the defendants, and ordered judgment accordingly, and for costs, &c.

Oct. 29.—Plaintiff moved for a new trial on the following grounds :

1st. The only issue raised by defendants' answer being as to the fact of acceptance by them, the Court permitted them to introduce evidence as to payment, thus taking the plaintiff by surprise, &c.

2d. Because the evidence is insufficient to justify the verdict.

3d. Error in Law.

April 8.—New trial denied; and May 5,—Plaintiff appealed.

*W. Smith,* for appellant.

A material averment in pleading, if not denied, is admitted. 1 Greenl. sec. 22; Prac. Act, sec. 65.

The amount of the payment of defendants was less than one half of their acceptance. A debtor cannot discharge his liability for less than its full amount; nor will a plea to that effect be allowed. 1 Smith's Lead. Cas. 249; 5 East's R. 230; 9 Johns. 333.

The defendants were acting unfairly in seeking to force the plaintiff to take less than they were justly bound to pay; the defence is unconscientious, and cannot avail him. Strange, 915 ; 1 T. R. 153; 6 Esp. 26, note.

The evidence setting up a different contract from that presented in the pleadings, ought to have been rejected from the consideration of the Court. Prac. Act, sec. 46 and 9.

The introduction of new matter not set out in the pleadings, and upon which the case turned, is thus shown to have been improper, and a surprise upon plaintiff.

*Jones, Noys* and *Barber,* for respondents.

The answer contains a general denial of defendants' indebtedness. This is proper within the Practice Act. Sect. 46 ; 3 Code R. 39. Under this issue of non-indebtedness, any evidence in support of it was relevant and proper. Gould's Plead. 336, ch. vi. sec. 59; Steph. Plead. 104. 83. If the evidence was improper, it should have been objected to on the trial. If then objected

to, defendants might have amended their answer, and introduced the particular facts to be given in evidence.  4 Wend. 277; 1 Comstock, 94; 1 Den. 522; 3 do. 116; 5 Cow. 127.  If the Court can see, that a new trial would result for respondent upon an amended answer, specifying the facts in evidence, it ought not to be granted.  2 Johns. R. 47, 48; 3 Johns. Cas. 258.  The evidence adduced sustained the issue, and made out a case of·accord and satisfaction.  3 Chit. Pl. 924; 3 Johns. Cas. 245, 8; 1 Chitty, p. 482, 578; 1 Smith's Lead. Cas. 325.  The complaint shows no cause of action.  The issue of non-acceptance should have been found for defendant.  Smith's Mer. Law, 196; 3 Kent's Com. 74.

HEYDENFELDT, Justice, delivered the opinion of the Court, with which MURRAY, Chief Justice, concurred.

This was a suit upon an acceptance.  The defendants' answer is a general denial.  Under this they proved accord and satisfaction.  It is now objected that this defence ought not to be allowed under the pleadings.  We have already decided that a general denial has the same influence as the general issue at common law, and under that accord and satisfaction may well be shown. The accord and satisfaction consisted in the delivery of a certain quantity of goods, which were of less value than the debt; and the appellant invokes the principle, that a liability cannot be discharged by a less sum than what is due.  However well this doctrine is settled in relation to payments in money, it has never been extended to a case like the present, where merchandise or property in gross is accepted in satisfaction.

Judgment affirmed with costs.