JOSEPHA CANILLO FITCH, Respondent, v. ISRAEL BROCKMON, Appellant.

Where the sheriff had an execution against C., and levied and sold the property of F., who sued him for the trespass and conversion; proof that C., the defendant in the execution, had made a settlement with F., raises no presumption that the settlement included the claim of F. upon the sheriff, for the trespass, or operated as a satisfaction of it.

It is error in the Court to infer satisfaction of the plaintiff's claim upon the sheriff, from such settlement.

The assent of an ordinary agent, who had general charge of his principal's affairs, during her temporary absence, will not justify the sheriff, who holds an execution against a third person, in levying it upon property in the possession of the principal, in her absence.

APPEAL from the Seventh Judicial District, Sonoro County.

The complaint sets forth, that the defendant, about the 15th of May, 1851, with force and arms, seized, took, and drove away, a number of cattle of the plaintiff, of the value of $4700, and converted and disposed of the same to his own use, to her damage, &c.

Defendant answered, and denied that he so seized and drove away the cattle of the plaintiff; and denies that he converted any cattle of the plaintiff to his own use. That he was acting as sheriff of said county, before and since the 15th of May, 1851; and about the 17th of February, an execution was put into his hands as sheriff, in favour of Jas. A. Griffith, against Lindsey Carson, and was informed that Carson had about 500 head of cattle at the ranch named in the complaint, by one Henry Fitch, who was then acting as the agent and attorney of the plaintiff, and was requested by him to levy on and sell the said cattle; and that he did, as sheriff, levy upon and sell about 350 head of said cattle, as the property of the said Lindsey Carson; that the said plaintiff's attorney was present at the sale, and made no objection, but on the contrary, purchased about 100 head of the said cattle for the said plaintiff; and denies that any of the said cattle was the property of the plain-

tiff, and avers that they were the property, and in possession of the said Lindsey Carson.

The execution and return are set forth upon the record, and Griffith's receipt for the amount of the execution.

The case was submitted to the Court without a jury, who found that the defendant did drive off the cattle; 2nd. That he did so in his capacity of sheriff, under proper authority; 3rd. That the cattle were in the possession of the plaintiff; 4th. That Lindsey Carson had an undivided interest in them; 5th. That Henry Fitch was the agent of his mother, the plaintiff, in her absence, and in that capacity did permit the levy to be made; 6th. That Carson and the plaintiff, after the taking complained of, had a final settlement, when the plaintiff paid over to Carson the balance of cattle due him; and nothing appearing to the contrary in the testimony, it is to be presumed that the cattle were accounted for; 7th. That by this settlement it appears, that at the time of the taking, Carson had a much larger number of cattle on the ranch than was taken by the sheriff.

Upon the facts thus found, the Court decided in favour of defendant, and ordered judgment to be entered accordingly.

The plaintiff moved for a new trial, upon the following grounds: Error in law, in that the Court went beyond the pleadings, in deciding that the plaintiff had received satisfaction for the cattle, on settlement with Lindsey Carson; 2nd. Insufficiency of evidence to justify the decision of the Court, that Henry Fitch was such an agent for plaintiff, as to be able to bind her, by his consent, to the levy.

March 20th, 1852, the parties appeared before the Court to settle the statement of the testimony to be used on the motion for a new trial; and it was settled that the testimony in relation to the agency of Henry Fitch, was as follows: "Brockmon testified, that in the absence of plaintiff, Henry Fitch transacted her business to the best of his knowledge."

" Carson testified that plaintiff told him, that in her absence at San Diego, Henry Fitch would transact her business about the ranch; that plaintiff was absent at the time of the levy and sale, on the journey to San Diego, when the said Henry was to do her business while she was gone. In plaintiff's absence witness often saw Henry Fitch transact her business, and never

heard plaintiff object; has seen Henry attending to plaintiff's business at other times, and never heard it objected to."

"Henry Fitch said he was not agent of plaintiff, when the cattle were taken away."

[There is no statement of testimony in relation to the *settlement* found by the Court, between Carson and the plaintiff, accompanying the record.]

The Court refused the motion, and the plaintiff appealed.

*Cooke* and *Spratt*, for appellants.

.The Court erred in deciding the case upon evidence offered by defendant, upon a point not raised by the pleadings; in finding an accord and satisfaction not claimed in the pleadings; and which must be pleaded specially, to be available; 2 Greenleaf's Evidence, 29.   2nd. In deciding that evidence of a settlement between plaintiff and Carson, after the trespass complained of, was presumptive evidence that plaintiff had received from Carson, satisfaction of her claim against the defendant. There was nothing in the evidence to justify the presumption; Graham on New Trial, 271, et seq.; 1 Wend. 571; 4 ib. 637. 3rd. The evidence was not sufficient to show that Henry Fitch was such an agent as to be able to bind plaintiff, by his consent to the levy; 6 Johns. 51; 2 ib. 19; 5 ib. 57; 18 ib. 366; 13 ib. 382; Story on Agreements, 155.

*Hullack* and *Billings*, for Respondent.

The verdict must be palpably against the evidence, to justify a new trial; 1 Wend. 27; 2 Bin. 426.

This action is *ex delicta* in the nature of trespass, *vi et armis*, &c., and the plaintiff to recover, must establish ownership and possession of the property at the time of the taking, and that defendant took it *vi et armis*, and unlawfully; 8 Johns. 432; 1 ib. 141; 11 ib. 285; 7 ib. 535; 10 Wend. 349.   No such proof appears in the finding of the Court or the statement; and there is proof that the title was in Carson, which rebuts the presumption of title arising from the possession of the plaintiff; 2 Blackford, 295, 338.

To sustain the count, (the action being in the nature of trover

and conversion,) plaintiffs must establish title as owner, or specially, and the right to possession, and a wrongful conversion; 7 T. R. 392; 1 Cow. 322; 7 Johns. 254; 10 ib. 175.

If plaintiff and Carson were partners, they were both entitled to possession, and the sheriff had a right to take the property.

Henry Fitch was general agent, and could bind his principal. Story on Agency, secs. 73, 74, et seq.

The settlement with Carson, after the taking, is not relied upon as accord and satisfaction of a *trespass*, &c., for none was committed—but as evidence that the property was Carson's, and therefore, that plaintiff had no cause of action against the defendant, whose execution was legal authority to seize Carson's property, and he would have been liable, if he had not done so. Practice Act, Title, 7 Ch. 1.

The opinion of the Court was delivered by ANDERSON, Justice.

This cause was tried at the February term of 1852, of the District Court for the County of Sonora. By agreement, it was submitted to the Court, and by the Court decided in favour of the defendant.

The counsel for the plaintiff moved for a new trial, upon the ground that the Court erred in going beyond the pleadings, to find that the plaintiff had received satisfaction for the cattle complained of having been taken away by the sheriff, Brockman, the defendant in this case.

Also, upon the ground of the insufficiency of the evidence, to justify the decision of the Court, that Henry Fitch was such an agent for plaintiff, as to be able to bind her, by his consent to the levy, &c.

There is no evidence in the record to show that Carson settled with Josepha Fitch, for the cattle taken away by the sheriff. He was not legally liable for the wrong done by the sheriff, if there was any whatever, by the levy and sale, and the taking away of the cattle, unless he had made himself so, by a participation in some form, in the act. The satisfaction, as alleged, seems to have been rather an inference on the part of the Court,

than a fact proved.   It was not pleaded by the defendant, and it was unquestionably error on the part of the Court below, to make that one of the grounds of its decision.

There is no proof that the plaintiff ever assented to the taking away of the cattle by the sheriff.

The Court below appears also to have relied upon the assumed fact, that Henry Fitch was the agent of the plaintiff, and that he had consented to, and approved of, the proceedings of the sheriff.

There is no evidence in the record, that he was an agent, having any such powers.   His agency, if any, was for very different purposes, and did not have that extent.   The Court therefore erred in treating his agency as plenary, and making it one of the grounds of its decision.

The Court therefore erred in not granting a new trial.

Let the order denying a new trial, by the Court below, be set aside, the judgment reversed, the cause remanded, and a new trial granted, with costs against the defendant.