**No. 2,237.**

SOLOMON SWEET, AND SIMON SWEET, RESPONDENTS, v. HENRY BURDETT, IMPLEADED WITH JOSEPH WOODWORTH, APPELLANTS.

PLEADING.—AGREEMENT AS DISCHARGE OF DEBT IN SUIT.—An agreement between the parties which is to operate as a discharge of a debt in suit, must be pleaded in defense of the pending action.

PRACTICE.—DEFAULT.—S. & S. brought suit to recover a sum of money which they claimed to be due them from B. & W. B, upon being served with summons and copy of complaint, entered into an agreement with S. & S., in which he admitted that a certain sum was then due, and stipulating that it was to be settled in a particular manner. Held, that the agreement affords no ground for setting aside a default entered against B. in the absence of any promise by S. & S. to discontinue the suit, or to delay its progress.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

Suit was brought by S. Sweet & Brother to recover a balance which they claimed to be due them from defendants, and for the payment of which they hold defendants' written promise, together with interest and costs of suit. Defendants were regularly served with process, and having failed to appear and answer, and their default having been entered,

judgment was entered in pursuance of the prayer of the complaint.

Afterward, H. Burdett, one of the defendants, made affidavit in which he denied that he was ever, at any time, either individually or in connection with his co-defendant, indebted to plaintiffs, and alleged that after the commencement of the suit, and after being served with process, "that in order to be relieved of the trouble and vexation of the law, and to be rid of said suit, and under the representations of the plaintiffs, and their assurances that this defendant could and should have immediate possession of a certain mining claim," he entered into the following contract:

"This agreement, made this third day of October, A. D. 1868, by and between Sweet & Brother and Henry Burdett, witnesseth: That the above entitled suit and the claim therein represented, upon which there is now due the sum of $2,459,44, U. S. gold coin, shall be settled as follows: all the net receipts from the mines and claims known as the Long Tom Mining Claims, in Kern county, to the amount of said claim, shall be paid by said Burdett to Sweet & Brother, for the period of seventy-five days from this-date; one half to be paid in forty-five days from date, and the balance in seventy-five days from date. Said Burdett guarantees that the receipts shall equal one half of the amount of the claim; if they do not, he will pay one half of said claim in two installments at the times above stated, which shall be accepted by said Sweet & Brother in full satisfaction of said claim.

"It is understood that said Sweet & Brother may procure from said Woodworth a note for one half of said claim; and if said receipts paid over exceed one half of said claim, then said Burdett shall be interested in said note to the extent of such excess, provided the full amount of the claim of Sweet & Brother shall be first paid in full.

"In witness whereof the said parties have hereunto set their hands and seals this third day of December, A. D. 1868.

"S. SWEET & BROTHER,          [SEAL.]
"H. BURDETT.          [SEAL.]"

Affiant further says that he has a perfect and complete defence to said action; "wherefore he prays the Court that

said judgment be set aside and vacated, and that he have leave to answer said plaintiffs' complaint," &c.

A motion to set aside and vacate the judgment was denied, and from the order denying said motion defendant has appealed.

The other facts are stated in the opinion.

*Quint & Hardy*, for Appellant.

The contract of the 3d of October, 1868, was a settlement of the then existing controversy between the plaintiffs and this defendant; as to him all prior claims were merged in this contract.

Where an engagement has been made by way of simple contract, and afterward the same engagement is entered into between the same parties by deed, (this contract is under seal,) the simple contract is merged in the deed, and becomes wholly extinguished. (2 vol. Burrel Law Dic., p. 714; Smith on Contracts. 18; 2 Penn. R., 533; 1 Watts & Serg. R., 83.)

This contract is a specialty, substituted for the original claim, and must be enforced instead of the original.

It was clearly accepted in full discharge of the original debt or liability. There is a perfect accord and satisfaction. Formerly an agreement to pay a less sum would not operate as a satisfaction. Our statute has changed this rule. But even then, where there was an actual acceptance of the agreement, it was a complete satisfaction. *(Heathcote* v. *Crookshanks,* 2 Term. R., 27; *Drake* v. *Mitchell,* 3 East., 251.) If a less sum be accepted, and the obligee execute a release under seal, it is an extinguishment of the debt. *(Fitch* v. *Sutton,* 5 East., 230; *Drew* v. *Thorne Alleyn,* 72; *Curson* v. *Monteero,* 2 Johns. R., 308; *Knight* v. *Cox,* cited in *Fitch* v. *Sutton,* 5 East., 231.)

*E. B. Mastick* and *Bishop & Gerald,* for Respondents, contended:

That the motion to open the judgment after default, was addressed to the discretion of the Court below, and unless it

appear that such discretion was abused, this Court will not interfere. (*Woodward* v. *Backus*, 20 Cal., 137.)

Wallace, J., delivered the opinion of the Court, Crockett, J., Temple, J., and Rhodes, C. J., concurring:

Supposing the agreement of October, 1868, to be a discharge of the original debt then in suit, it was still necessary for Burdett to plead it in defense of the pending action. That, however, is not the point on which the case must turn. He had been personally served with the summons and copy of the complaint in the action, in which he was notified that unless he made answer in a given time a judgment by default would be taken against him. He did not make answer at any time. He made an agreement, it is true, with the plaintiffs, in which it is admitted that $2,459 44 is "now due" and is to be "settled" in the particular manner. I do not see that this agreement now produced by Burdett upon the other point goes very far to show that he really was (as he now contends) "never at any time, either individually or in connection with his co-defendant, indebted to said plaintiffs" at all. It is, to say the least, somewhat remarkable that he should undertake to "settle" a sum "now due," but in connection with which there was not, as he now says, the slightest liability resting upon him, and this, too, without any request from Woodworth, who is an admitted debtor of the plaintiffs upon this claim. There is nothing in the making of this agreement, which, of itself, should have put Burdett off his guard in the defence of the pending suit. It is not pretended on his part that the plaintiffs promised to discontinue the suit, or to delay its progress. His excuse is that he supposed that the suit would be dismissed. This supposition, he says, was based upon the terms of the agreement of October, but I think it was wholly unwarranted. Besides that, it appears that, on November 30th, he and the plaintiffs had a difference about the meaning of that agreement, and Burdett, under that date, writes to them: "I must therefore, decline making payment." This cir-

cumstance, at all events, ought to have awakened his attention to the suit which he certainly did not know to have been discontinued; and had he moved, even at that late day, he would have been in time, for the judgment by default was not rendered until one month afterward.

I am unable to see, under the circumstances, that the Court below abused its discretion in refusing to open the default, and its order is, therefore, affirmed.

SPRAGUE, J., expressed no opinion.