## ROACH *v.* GILMER ET AL.

<div style="float:right"></div>

ACCOUNT SETTLED, ERRORS IN, HOW CORRECTED.—In an action in *assumpsit* for work and labor performed, the defendant having pleaded and proved a statement of the account therefor, and a settlement and payment in full, the plaintiff can not avoid the settlement for mistakes in the items of the account settled. This can be done only by an action to surcharge and falsify the account.

UNLIQUIDATED DEMAND, EFFECT OF SETTLEMENT OF.—A payment made and accepted as an adjustment of an unsettled or unliquidated demand will operate as a satisfaction, although shown to be much less than the creditor was entitled to receive and would have received had he brought an action; and although, at the time of the settlement, the creditor objects to some of the items of the account as finally settled. The creditor can not accept a sum certain, tendered in satisfaction of an unliquidated debt or demand, and avoid the conditions upon which it is tendered, on the ground that he dissented at the time.

THE APPELLATE COURT WILL NOT REVISE THE ACTION OF THE TRIAL COURT in awarding a new trial for insufficiency of evidence to justify the verdict, where the evidence is conflicting.

THE EVIDENCE IN THIS CASE EXAMINED AND HELD TO BE INSUFFICIENT to support the verdict.

APPEAL from the third district court. The opinion states the facts.

*Arthur Brown*, for the appellant.

A payment of a part of the sum which is conceded to be due in money can not be an accord and satisfaction for the

whole sum : 27 Cal. 611 ; 12 Gray, 343 ; 10 Cush. 48 ; 12 Met. 551 ; 20 Conn. 559 ; 38 Pa. St. 149 ; 2 Parsons on Contracts, 685 ; 2 Greenl. Ev., sec. 28 et seq.

An account stated is not a more solemn instrument than a promissory note ; it need not be any instrument at all ; it is the meeting of the minds of two parties on the balance due. If the minds of the parties never met, that is, if one of them never assented to it or accepted it, it never could be anything that could be called an account stated. I refer to the cases cited by the other side, among others, 31 N. Y. 499 ; 11 Id. 170.

If plaintiff even agreed to the items of the account, and to the balance of the liquidated account, and the balance agreed upon was eight hundred and eighty-five dollars, when in truth and in fact the true balance of such liquidated account was four thousand four hundred dollars, then there would be no consideration for accepting a lesser sum, and plaintiff could recover the whole amount due, less credits proven. See cases above ; 1 Nev. 116 ; 6 Gray, 513 ; 75 Pa. St. 245 ; 120 Mass. 67 ; 37 Am. Rep. 302 ; 81 N. Y. 171 ; 54 Id. 432.

It is objected here that we could not dispute this paper that had some account on the top of it and a receipt on the bottom. There is no peculiar sanctity about an account, and a receipt may always be disputed, whether it occurs in a promissory note, in an account, in a deed, or any other instrument : 2 Wharton on Ev., sec. 1864 ; *Smith* v. *Holland,* 61 N. Y. 635.

*Bennett, Harkness & Kirkpatrick,* for the respondent.

In law the plaintiff could avoid the bar of the accounting and settlement only by showing there was fraud in procuring the settlement or mistake in giving the receipt. If he could do this, the acknowledgment would amount to nothing except as to the amount of money he admitted receiving—it would be no settlement. If he failed in this, the settlement was a complete bar. It was not open to him in this form of action to avoid or effect the settlement only as to errors or mistakes in the items of the accounts settled ; this would admit a settlement, and seek to open it by rebutting evidence for errors or mistakes not pointed out in the complaint.

An account stated (even before the balance is paid) is a bar

to an action at law on the original items, and can only be opened, as to the items, by an action brought for that purpose, and specifically pointing out the errors arising from fraud or mistake. The primary issue is upon the fraud or mistake, and if the evidence is sufficient to prove the affirmative of the issue, the court opens the accounting to the extent the proof requires, and takes or orders a new statement rectifying the errors charged in the complaint, so far as proved, but in behalf of the plaintiff goes no further. In cases of gross frauds in the items, the court, if it is prayed, sometimes opens the whole accounting. These general principles are established by very numerous cases, of which a few only will be cited: 1 Daniell's Ch. Pr. 665–669; Id., 371; Pomeroy's Eq. Jur., sec. 1421; *Chappedelaine* v. *Dechenaux*, 4 Cranch, 306; 2 Edw. Ch. 1, 293; 11 N. Y. 170; 31 Id. 498; 55 Wis. 93, 650; 7 Paige, 573; 41 Am. Dec. 60; 9 Cal. 353; 13 Id. 159.

The defendant's answer and evidence went further than a mere accounting; they set up and proved *prima facie* a settlement and satisfaction of a disputed matter, and this was a complete bar, unless the settlement was annulled for fraud. The facts proved included both an accounting and an accord and satisfaction. While payment of a less sum will not be a bar to a larger debt, though receipted in full, if the larger sum be fully liquidated, due, and acknowledged, yet if the amount be disputed, or if a new consideration or possible legal benefit or advantage arise out of the payment of the smaller sum, the accord is complete. Giving a check or a promissory note for a smaller agreed sum is held sufficient on an open account. They import a consideration, and change the burden of proof: Wharton on Contracts, sec. 1001; 1 Sutherland on Damages, 428.

The plaintiff's own evidence shows there was a dispute as to the amount due, and he received a check for the balance.

The effect of a settlement in such cases is sufficiently shown by these cases: *Palmerton* v. *Huxford*, 4 Denio, 166; 7 Cow. 231; 9 Cal. 353.

The fourth instruction requested by defendants should have been given. Though not as full as it should have been, it would have informed the jury that it was not the accuracy of the accounts or of the balance that was in controversy, but

that both sides had put the case on the validity of the settlement. The converse of this is given in the first instruction for plaintiff, and the two lead to erroneous results.

We think the seventh instruction should have been given. The plaintiff's own testimony showed Gilmer paid intending it in full, and there was no pretense of concealment or fraud, and there was no notice to him he was in default: 84 N. Y. 420.

EMERSON, J.:

The complaint contains two causes of action: one for the balance due for the personal services of the plaintiff, and the other for the labor of the plaintiff's wife.

The answer admits that the plaintiff worked for the defendants for the length of time alleged, and the value of the services as charged in the first count. It denies any contract to pay the wife separately, and states that the amount alleged in the first count was for the services of both plaintiff and wife. It denies any indebtedness, and alleges payment. For a separate defense, it alleges an accounting in December, 1881, and before the commencement of this action, and a balance found due from the defendants to the plaintiff, which was then paid and accepted in full satisfaction.

On the trial the plaintiff gave no evidence under the first count of the complaint, but rested on the admissions in the answer.

Under the second count he gave evidence tending to show a contract to pay for the wife's labor separate from, and in addition to the amount to be paid for the personal services of the plaintiff as set out in the first count. The plaintiff then rested.

The defendants then gave evidence tending to disprove the alleged contract for separate or further compensation for the wife's services, and also put in evidence a statement of an account between the defendants and one Gedney, made up of a large number of items, consisting of provisions, clothing, and supplies generally.

The defendants reside and have their headquarters in Salt Lake City, while their ranch upon which the plaintiff was employed is in the state of Nevada.

The agreement between parties was that the defendants should furnish a house and the provisions necessary for the plaintiff and his family in addition to the stated monthly wages.

Gedney is a merchant doing business near the ranch in Nevada, and the account above referred to included many articles of clothing and the like which the defendants were not bound to furnish, but which were charged to them with the provisions and family supplies.

To this Gedney statement there was pinned a separate statement containing items of clothing and the like, taken from the former mentioned statement, and which were evidently not of the class or kind of articles which the defendants were bound to furnish under their contract, and also other items as a charge against the plaintiff, amounting to over two thousand eight hundred dollars; followed by a credit as follows: "By salary five years and nine months at sixty dollars per month," leaving a balance due the plaintiff of eight hundred and eighty-five dollars and twenty-seven cents. At the bottom of this sheet, and directly under the last entry showing the balance, is the following: "Received of Gilmer, Salisbury & Co. eight hundred and eighty-five and twenty-seven hundredths ($885.27) dollars, in full to December 21, 1881. Correct, J. T. Gilmer, Wm. Roach."

With this evidence the defendants rested their case. The plaintiff then offered rebutting testimony, with the view to impeach the settlement, and the case was submitted to the jury, who returned a verdict in favor of the plaintiff for three thousand six hundred and fifty-two dollars and twenty-five cents, made up, as they state, as follows: W. Roach, balance services, two thousand four hundred and forty-four dollars and seventy five cents; Mrs. Roach, balance services, one thousand two hundred and seven dollars and sixty cents. The defendants then moved for a new trial, which was granted, and from that order the plaintiff prosecutes this appeal.

The main questions of law arose during the trial, in determining to what extent and in what manner the plaintiff in rebutting evidence could attack the correctness of the accounts included in the settlement, or the settlement itself. The complaint is in *assumpsit* for work and labor, and the

appellant could not, in such an action, avoid a settlement for mistakes or errors in the items of the account settled. This must be done by a proper action brought for that purpose, and specially pointing out the errors or mistakes, thus challenging the attention of the opposing party directly to them, when the court will open the accounting to the extent the proof requires, or if the emergency requires it, as in cases of fraud, it will open the whole account.

In the case before us the record fails to show any fraud practiced by the respondents, or any one of them, to procure the signature of the appellant, nor is it claimed that, as a matter of fact, there was any.

The defendants' answer fully set out, and the evidence given in support of it went to establish, the fact that the statement put in evidence was something more then a mere account stated. It was *prima facie* a satisfaction of the claim. It is evident from the testimony that the plaintiff and defendant Gilmer, prior to the settlement referred to and put in evidence, had had some dispute and disagreement in reference to their unsettled accounts. It was a settlement of a disputed account, and does not fall within the rule applicable to liquidated and undisputed money demands.

The plaintiff testified that at the time of the settlement he objected to some of the items, while the defendant Gilmer claimed that the balance shown by that accounting was all that the defendants owed him. The plaintiff says he signed the paper and took the check because he needed the money.

A payment made and accepted as an adjustment of an unsettled or unliquidated demand will operate as a satisfaction, although shown to be much less than the creditor was entitled to receive, and would have recovered had he brought an action: *Donahue* v. *Woodbury,* 6 Cush. 148; *Palmater* v. *Huxford,* 4 Denio, 166; *Babcock* v. *Hawkins,* 23 Vt. 561; *Neary* v. *Bostwick,* 2 Hilt. 514; *Shipman* v. *United States,* 18 Ct. Cl. 138.

The defendants excepted to the refusal of the court to give their fourth and seventh requests to charge, which were as follows: "4. Though defendant may have objected before signing to some of the items, if he afterwards voluntarily signed, it was a waiver of his objections." "7. If you find

the plaintiff voluntarily signed the written statement, know-ing it was an acknowledgment of satisfaction of the claim recited in it, he can not maintain an action on said claim without notifying defendants of errors or mistakes, if any, in said account, and requiring them to be corrected."

These should have been given. It can make no difference that the creditor dissented at the time, if he did finally take the offer and sign the statement: *McDaniels* v. *Lapham,* 21 Vt. 222.

If there were errors or mistakes in the settlement, a proper action should have been brought, in which these should have been pointed out, and the defendants fully apprised of what they were. It could not properly be done in this action, and as rebutting testimony to the case made by the defendants establishing the accounting and settlement.

The plaintiff received the amount paid with a full knowl-edge of the claim of the defendants that it was all that they owed him. There is no excuse for the plaintiff in entirely ignoring this transaction and bringing his action on the origi-nal claim. It follows from the above that the giving of the first, second, and third requests on the part of the plaintiff was error. These instructions leave entirely out of view the claim of the defendants, and the evidence to support it, that there was an agreement about a disputed matter, and the acceptance of the money paid by the defendants in satisfac-tion thereof. When a sum certain is tendered in satisfaction of an unliquidated debt or demand, the creditor must choose between rejecting the claim altogether and accepting it on the terms on which it was made, and can not take the money and escape from the condition, on the ground that he dissented at the time: *McDaniels* v. *Lapham,* 21 Vt. 222; *McDaniels* v. *Bank of Rutland,* 29 Id. 230.

The verdict on the first count is so contrary to the evidence as to lead us to the conclusion that the jury were influenced by passion or prejudice, or some other motive, rather than con-clusions reached by a candid review of the testimony before them.

The verdict was several hundred dollars in excess of the amount due the plaintiff, on this count, without allowing the defendants anything received by the plaintiff on either the

Gedney or the Hamill and Meigs bill, and the plaintiff himself swears that he objected to only a few items on these bills. There were other cash payments entirely undisputed, which must have been entirely overlooked by the jury.    The verdict is not supported by the evidence.

The testimony in reference to the second count was conflicting, and for this reason, also, this court will not disturb the judgment of the lower court in granting a new trial.

Judgment and order granting a new trial affirmed.

HUNTER, C. J., and TWISS, J., concurred.