[No. 12358.   Department Two. — April 17, 1888.]

JAMES E. SIMMONS, Respondent, v. D. J. OULLA-
HAN, Appellant.

ACCORD AND SATISFACTION. — An accord without satisfaction is not a bar.
ID. — BURDEN OF PROOF. — Where a defendant relies upon an accord and
   satisfaction, the burden is on him to show the satisfaction as well as the
   accord.
RECEIPT. — A receipt is not conclusive.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Terry, Campbell & Bennett,* and *J. C. Campbell,* for
Appellant.

*S. D. Woods,* and *A. L. Levinsky,* for Respondent.

HAYNE, C. — Action for goods sold and delivered.
Defendant admitted that the goods were sold and deliv-
ered as alleged, but relied upon an agreement whereby
the assignor of the plaintiff agreed to accept fifty cents
on the dollar in satisfaction of the claim. This agree-
ment contained the following clause: —

"That each and all of said acts shall be made and
done promptly at maturity, and as to this condition,
*time is hereby made of the essence of this agreement,* so that
in case of default or miscarriage regarding performance,
and payment on the day or days said sums severally be-
come due, *the whole of said original indebtedness is hereby
renewed and revived.*"

The first installment due under this agreement was
$63.69. The court below found that only $43.45 was
paid, and we think that the evidence justifies this find-
ing. The expressions in the receipts to the effect that
the sum paid was "our *pro rata*" of the distribution
amount to nothing. A receipt is never conclusive; and
in view of the contract and the admissions of the de-

fendant, it is apparent that the sum paid was not the amount due under the agreement. Furthermore, there is no evidence that the defendant had paid the "costs, attorneys' fees, and expenses incurred," mentioned in the composition agreement.

It is an elementary principle that an accord without satisfaction is not a bar; and as a matter of course the defendant who relies upon an accord and satisfaction must plead and prove the satisfaction as well as the accord.

The other points seem frivolous. We think the appeal was taken for delay, and therefore advise that the judgment and order be affirmed, with ten per cent damages.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—The reasons given in the foregoing opinion, the judgment and order are affirmed, with ten per cent damages.