[Civ. No. 1235.    First Appellate District.—November 6, 1913.]

B. & W. ENGINEERING COMPANY (a Corporation), Appellant, v. SARAH C. BEAM, as Executrix of the Will of Isaiah Willard Beam, Deceased, et al., Defendants and Respondents; JOHN DOE et al., Defendants.

ACCORD AND SATISFACTION—SUFFICIENCY OF EVIDENCE TO ESTABLISH IN ACTION TO RECOVER FOR CLEARING A LOT.—In this action to recover a balance alleged to be due for clearing a lot, the evidence justifies a finding to the effect that the original claim of the plaintiff's assignor was extinguished by the execution of an accord and satisfaction.

ID.—DEFINITION AND EFFECT OF ACCORD AND SATISFACTION.—The phrase "accord and satisfaction," as it is known and applied in the law, means the substitution of a new agreement for and in satisfaction of a pre-existing agreement between the same parties. More minutely defined, an agreement of accord and satisfaction is one whereby one of two parties, having a right of action against the other upon a claim arising out of an existing agreement, agrees to accept from the other party something in satisfaction of such right of action different from and usually less than that which might be recovered upon the original obligation. The effect of such agreement when executed is to extinguish the antecedent liability.

ID.—PRIOR CONTROVERSY—EXISTENCE OF BONA FIDE DISPUTE.—An agreement of accord and satisfaction presupposes a prior con-

troversy concerning the relative rights of the ·parties under the pre-existing agreement; and before a dispute concerning a claim for money alleged to be due under an existing contract can be made the basis of an agreement of accord and satisfaction, the dispute must be shown to be *bona fide*; but it is not required, in order to validate an executed agreement of accord and satisfaction, that the circumstances of the transaction upon which it is founded should affirmatively show that there is room for an honest dispute.

Id.—Foundation for Dispute—Whether Essential to Satisfaction. —If a debt or claim is disputed at the time of payment, the pay·ment, when accepted, of a part of the whole debt is good satisfaction, and it matters not that there was no solid foundation for the dispute. The test in such case is, Was the dispute honest or fraudulent? If honest it affords a basis for an accord between the parties, which the law favors, and the execution of which is the satisfaction.

Id.—Bona Fide Dispute—Question of Fact.—The question of the existence of a *bona fide* dispute is a question of fact to be determined by the trial court from all the circumstances of the transaction.

Id.—Determination of Question—Immaterial Circumstances.—In the determination of that question the mere fact that it might have been held, in an action involving the construction of the original contract, that the plaintiff's assignor could not have been compelled to relinquish any portion of its original claim, was of no consequence in the face of the established fact that it did actually and knowingly accept a lesser amount in full satisfaction and settlement of its claim.

Id.—Conclusiveness of Settlement—Determination of Which Party was in the Right.—Where the parties to an executed agreement of accord and satisfaction have met upon equal terms, and without fraud, misrepresentation, or mistake have adjusted existing differences concerning their relative rights and obligations arising out of a valid pre-existing agreement, it is neither necessary nor permissible to go behind a settlement actually made for the purpose of ascertaining which of the parties was right in the controversy which preceded and constituted the basis of such settlement.

Id.—Good Faith of Dispute—Findings and Judgment.—Where the good faith of the dispute, which is expressly found to be the basis of an executed agreement of accord and satisfaction, follows as an irresistible inference from all the facts and circumstances of the case and the acts of the parties which are found by the trial court to have attended the execution of the agreement, the findings are not open to attack as not sustaining a judgment for the defendant on the plea of accord and satisfaction, although

they do not specifically and affirmatively determine that the dispute which preceded the payment of the claim in controversy was genuine and made in good faith.

Id.—Compromise by Agent—Ratification by Principal.—Where a principal accepts and retains money paid to his agent, with full knowledge that such payment was made, accepted, and receipted for upon the express condition that it was in full settlement of a disputed claim, the principal thereby ratifies the compromise and is estopped to deny the agent's authority to make it.

Id.—Part Performance—Whether Extinguishes Obligation.—Section 1524 of Civil Code.—Section 1524 of the Civil Code providing that "part performance of an obligation, either before or after breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation," has reference only to agreements of release and satisfaction made in cases where the obligation is neither doubtful nor disputed, and has no application to an executed agreement of accord and satisfaction founded upon the settlement and extinction of a disputed debt.

Id.—Accord Without Satisfaction—Whether Bars Debt.—An accord without satisfaction will not operate to bar an action upon a disputed debt.

Id.—Parol Evidence—Whether Admissible to Prove Performance. Parol evidence, even though it involves the subject matter of an executory contract which in itself would be within the statute of frauds, may be resorted to for the purpose of proving performance in satisfaction of the accord.

Id.—Executed Agreement—Effect to Extinguish Original Obligation.—Where an agreement to accept in full payment a sum less than the amount in dispute has been shown to have been fully executed by the payment and acceptance of the lesser sum, the original obligation is thereby extinguished.

Id.—Pleading—Necessity of Specially Pleading Accord and Satisfaction.—The settled rule of pleading in this state requires an agreement of accord and satisfaction to be specially pleaded before it can be availed of as a defense.

Id.—Exception to Rule That Accord and Satisfaction is to be Specially Pleaded.—This rule is subject to the exception that if a plaintiff, as a part of his case, proves a payment, and the circumstances under which it was made tend to show an accord and satisfaction, the defendant may rely upon the facts thus shown as constituting an accord and satisfaction though not pleaded as such in the answer.

Id.—Amendment of Answer.—It is not an abuse of discretion to allow the defendant to amend his answer, at the close of the evi-

dence, by specially pleading the existence of an executed agreement of accord and satisfaction, where the evidence tends to show the existence of such an agreement.

ID.—PLEADING AND FACTS CONSTITUTING ACCORD AND SATISFACTION.— The defense of accord and satisfaction, at the very best, requires nothing more to be pleaded than the payment and acceptance, upon a mutual agreement express or implied, of a certain sum of money or other thing of value in full settlement and satisfaction of a pre-existing and previously disputed obligation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

William P. Hubbard, for Appellant.

Myrick & Deering, and James Walter Scott, for Respondents.

LENNON, P. J.—The cause of action sued on herein was assigned to the corporation plaintiff by a pre-existing copartnership of the same name.   The plaintiff sought to recover from the defendants the balance of a sum of money alleged to be due upon a contract entered into between plaintiff's assignor, the B. & W. Engineering Company, and I. Willard Beam, wherein the latter acted for himself and as the representative of the defendant W. Jessup & Sons, Limited.   Upon the death of Beam his widow was appointed as executrix of his last will and testament, and in due time a claim, founded upon the contract in suit, was presented to and rejected by her as such executrix.   Said contract consisted of a proposal in writing by plaintiff's assignor which was accepted in writing by Beam, the deceased, for himself and the defendant W. Jessup & Sons, Limited.   By the terms of the contract plaintiff's assignor contracted to clear a certain lot of land for the actual cost of the work plus fifteen per cent commission thereon.   The contract in question when proposed and as finally accepted contained this clause: "We wish to state . . . that our estimated figure is one thousand dollars for clearing this lot. . . ."

The action was defended in part upon the theory that the sum claimed by plaintiff's assignor to be due for and on account of the actual cost of clearing the lot in question exceeded the sum specified therefor in the contract by $411.86, and that such excess in part covered and called for the cost of additional and unauthorized work and labor. The action was further defended upon the ground specifically pleaded in an amended answer that plaintiff's assignor had accepted the sum of one thousand and seventy dollars in full settlement and extinction of the obligation sued upon.

Upon the general issue covering the character and cost of the work to be performed under the contract, the trial court found in effect that plaintiff's assignor had completed the work contracted for in accordance with the terms of the contract, but had included in its charge therefor an item of expense for certain work and labor performed in addition to the work and labor called for in the contract.

Upon the special issue of accord and satisfaction the trial court found in substance that the payment of one thousand and seventy dollars was made and accepted in full settlement of the obligation sued upon, and in this behalf found further that Beam, the deceased, had previously disputed the bill rendered by plaintiff's assignor in the sum of $1,411.86 for the actual cost of clearing the lot, and had at all times protested that there was no other or greater sum due than one thousand dollars. It was further found that plaintiff's assignor accepted said sum of one thousand and seventy dollars with full knowledge of the intent and extent of its purported payment, and thereupon deposited the same in bank to the credit of a general account, and thereafter drew upon and expended said sum of one thousand and seventy dollars in the transaction of its business. Upon this issue of accord and satisfaction the trial court further found that Beam, the deceased, and the defendant W. Jessup & Sons, Limited, understood that the maximum charge of plaintiff's assignor for clearing the lot in question would not exceed the sum of one thousand dollars.

Upon these findings of fact the trial court concluded as a matter of law that the defendants were entitled to judgment for their costs, which was entered accordingly.

Upon this appeal (which is from the judgment and an order denying the plaintiff a new trial) it is insisted that the evidence does not support the findings upon the issue of accord and satisfaction.

This contention cannot be sustained.    The evidence adduced upon the whole case, briefly stated, shows that the actual cost of clearing the lot amounted to the sum of $1,411.86, which with the addition of fifteen per cent thereof,—namely, $211.78, aggregated the sum of $1,623.64.   This was the amount claimed to be due plaintiff's assignor upon the completion of the work.   As against this, however, there appeared a credit of fifteen dollars for certain material which was accepted by plaintiff's assignor as part payment in lieu of cash, and a subsequent payment by check in the sum of one thousand and seventy dollars, which left the sum of $532.64 as the net balance claimed to be due plaintiff at the commencement of the action.    The check referred to was received by one Crowley, the authorized and acknowledged manager for plaintiff's assignor, and by him accepted in full payment of the claim for $1,623.64 previously presented in writing; and his receipt to that effect was indorsed upon said claim in the following words and figures: "Received of I. W. Beam $1070 in full settlement of this bill.—B. & W. Engineering Company,—E. D. Crowley."

The evidence tended clearly enough to show that prior to the presentation and acceptance of the check for one thousand and seventy dollars the deceased Beam had disputed and refused to pay the claim upon the ground not only that the contract covenanted that the actual cost of the work would not exceed the sum of one thousand dollars, but that the charge therefor of $1,411.86 as made by plaintiff's assignor included the cost of work and labor not called for by the contract.

Finally it was shown in evidence clearly and without contradiction that plaintiff's assignor had received and used in its business the sum of one thousand and seventy dollars, which was paid by check to Crowley, its manager, with full knowledge that such check was given and receipted for by Crowley in full settlement and satisfaction of all claims arising out of the contract in suit.

Plaintiff's claim that the evidence as outlined above does not support the findings upon the issue of accord and satisfaction is founded largely upon the contention that the clause in the contract relating to the cost of the work was nothing more nor less than an estimate, which could not be fairly considered or construed as a covenant that the cost of such work would in no event exceed the sum of one thousand dollars. With this contention as a basis it is insisted that the facts of the transaction show that the claim of plaintiff's assignor as originally presented could not have been honestly disputed; and from this it is argued that the finding of accord and satisfaction was not as a matter of law established by the evidence.

We are unable to agree with these contentions, and we are satisfied that the circumstances surrounding the transaction as revealed by the evidence upon the whole case afford ample support for the lower court's finding of fact to the effect that the original claim of plaintiff's assignor was extinguished by the execution of an accord and satisfaction.

The phrase "accord and satisfaction" as it is known and applied in the law means the substitution of a new agreement for and in satisfaction of a pre-existing agreement between the same parties. More minutely defined an agreement of accord and satisfaction is one whereby one of two parties having a right of action against the other upon a claim arising out of an existing agreement, agrees to accept from the other party something in satisfaction of such right of action different from and usually less than that which might be recovered upon the original obligation. (Civ. Code, sec. 1521.) The effect of such agreement when executed is to extinguish the antecedent liability. (Civ. Code, sec. 1523.) As a matter of course an agreement of accord and satisfaction presupposes a prior controversy concerning the relative rights of the parties under the pre-existing agreement; and it may be conceded to be the law, as counsel for the plaintiff contends, that before a dispute concerning a claim for money alleged to be due under an existing contract can be made the basis of an agreement of accord and satisfaction, it must be shown that such dispute was *bona fide*. It is not required, however, in order to validate an executed agreement of accord and satisfaction, such as we have in the present case,

that the circumstances of the transaction upon which it was founded should affirmatively show that there was room for an honest dispute. The rule in this behalf is clearly and concisely stated in the case of *Simons* v. *American Legion of Honor*, 178 N. Y. 263, [70 N. E. 776], where it is said that "If a debt or claim be disputed at the time of payment, the payment, when accepted, of a part of the whole debt is good satisfaction, and it matters not that there was no solid foundation for the dispute. The test in such case is, Was the dispute honest or fraudulent? If honest it affords a basis for an accord between the parties, which the law favors, and the execution of which is the satisfaction."

It will thus be seen that in so far as the defense of an executed accord and satisfaction was concerned the trial court was not called upon to decide the question as to whether or not the covenant of the contract in controversy covering the cost of the work to be performed thereunder was fairly susceptible of the construction contended for by Beam. Upon this phase of the case the only question to be considered was whether or not there was in fact at the time of the acceptance and retention of the check in question a *bona fide* dispute concerning the sum due under the contract. This primarily was a question of fact to be determined by the trial court from all of the circumstances of the transaction (*Lapp-Gifford Co.* v. *The Muscoy Water Co.*, 166 Cal. 25, [134 Pac. 989]) ; and in the determination of that question the mere fact that it might have been held in an action involving the construction of the original contract, that plaintiff's assignor could not have been compelled to relinquish any portion of its original claim, was of no consequence in the face of the established fact that it did actually and knowingly accept a lesser amount in full satisfaction and settlement of its claim. (*Taylor* v. *Nussbaum*, 2 Duer (N. Y.), 302; *Roach* v. *Gilmer*, 3 Utah, 389, [4 Pac. 221].) In other words, where the parties to an executed agreement of accord and satisfaction have met upon equal terms, and without fraud, misrepresentation, or mistake have adjusted existing differences concerning their relative rights and obligations arising out of a valid, pre-existing agreement, it is neither necessary nor permissible to go behind a settlement actually made for the purpose of ascertaining which of the parties was right in the controversy which pre-

ceded and constituted the basis of such settlement (*Farmers Bank etc.* v. *Blair,* 44 Barb. (N. Y.) 641, 652; *Minor* v. *Fike,* 77 Kan. 806, [93 Pac. 264]; *Kiler* v. *Wohletz,* 79 Kan. 716, [101 Pac. 474]; 1 Page on Contracts, 321.)

But apart from these considerations it will be remembered that the evidence shows that the claim of plaintiff's assignor was disputed not only upon the ground that the contract in controversy covenanted that the actual cost of the work to be done thereunder would not exceed the sum of one thousand dollars, but also because the charge made therefor included the cost of additional and unauthorized work and labor. This additional and unauthorized work consisted of straightening a quantity of steel. Standing alone the preponderance of the evidence upon this phase of the case fully supports the finding of the lower court that such work was not called for by the contract, and in addition discloses ample justification for a *bona fide* dispute as to whether or not any charge could be rightfully made for such work. Therefore, aside from the question as to what construction might be fairly put upon the clause of the contract covering the actual cost of the work of cleaning the lot, it may be safely said that the evidence upon the whole case sufficiently shows that the sum sued for was honestly in dispute at the time the settlement in question was made.

It is next insisted that the findings of fact upon the issue of accord and satisfaction do not support the judgment in this, that it was not specifically and affirmatively found that the dispute which preceded the payment of the claim in controversy was genuine and made in good faith.

Conceding, without so deciding, that the good faith of a dispute which is claimed to be the basis of an executed agreement of accord and satisfaction should be affirmatively found, still the finding at which this criticism is aimed, when read in conjunction with the findings made upon the whole case, is not open to attack upon that ground. The *bona fides* of the dispute which in the present case was expressly found to be the basis of an executed agreement of accord and satisfaction, follows as an irresistible inference from all the facts and circumstances of the case and the acts of the parties which were found by the trial court to have attended the execution of the agreement. This being so, the finding as made sufficiently

supports the judgment. (*Emmal* v. *Webb,* 36 Cal. 197; *Coveny* v. *Hale,* 49 Cal. 552; *Smith* v. *Acker,* 52 Cal. 217; *Alhambra Addition Water Co.* v. *Richardson,* 72 Cal. 598, [14 Pac. 379] ; *Mott* v. *Ewing,* 90 Cal. 231, [27 Pac. 194].)

The further claim is advanced that the evidence is insufficient to support the finding made upon the issue of accord and satisfaction in this, that it was shown in evidence that Crowley, the agent of plaintiff's assignor who effected the compromise in question, was merely the foreman of the work, and was neither expressly authorized, nor ostensibly empowered by virtue of his employment, to accept less than the full sum in dispute.

This contention, in so far as it relates to the nature and scope of Crowley's employment, is answered by the record before us, which shows unequivocally that it was an admitted fact in the case that he was the acknowledged and authorized general manager of the business conducted by plaintiff's assignor. The question as to whether or not his duties as general manager ostensibly or in fact empowered him to commute the claim in controversy need not be discussed or decided in view of the fact found by the trial court and established by the evidence that plaintiff's assignor finally accepted, retained, and eventually used in its business the money paid to Crowley, with full knowledge that such payment was made, accepted, and receipted for upon the express condition that it was in full settlement of the disputed claim. Such payment must have been accepted and retained upon the terms and conditions upon which it was originally offered and finally receipted for, or else it should not have been accepted at all. That is to say, if plaintiff's assignor was not willing to accept such payment in full satisfaction of its claim in keeping with the settlement made by Crowley it should, within a reasonable time, have repudiated such settlement and returned the money paid thereunder. (*Looby* v. *West Troy,* 24 Hun (N. Y.), 78.) Failing in this the acceptance and retention of the payment in question was, under all the circumstances of the transaction, tantamount to an express ratification of the compromise made by Crowley, and operated to estop plaintiff's assignor from denying the authority of Crowley to execute such agreement. (Code Civ. Proc., sec. 1962, subd. 3; Civ. Code, secs. 1589, 3519; *Gribble* v. *Colum-*

*bus Brewing Co.,* 100 Cal. 67, [34 Pac. 527] ; *Creighton* v. *Gregory,* 142 Cal. 35, [75 Pac. 569] ; *Dover* v. *Pittsburg Oil Co.,* 143 Cal. 501, [77 Pac. 405] ; *Conde* v. *Dreisam G. M. Co.,* 3 Cal. App. 583, [86 Pac. 825].)

Incidental to the discussion of the sufficiency of the evidence generally to support the findings, the claim is made that the evidence called for and required a finding to the effect that the work and labor of straightening the steel which was removed from the lot were necessarily included in the work called for by the contract. The finding in question is important only in so far as it relates to the further finding that the claim of plaintiff's assignor was in dispute prior to the execution of the agreement of accord and satisfaction. The result of the action would not, however, have been altered even if the fact involved in the finding in question had been found in favor of plaintiff. The trial court, nevertheless, would have been justified in finding, as it did, that the claim of plaintiff's assignor was in fact disputed, and obviously, therefore, the judgment would be sufficiently supported if it were rested solely upon the findings of a pre-existing dispute and an executed agreement of accord and satisfaction.

But aside from this, the evidence adduced upon this phase of the case preponderates in favor of the finding as made; and even if this were not so such evidence is in substantial conflict, and consequently its sufficiency to support the finding referred to cannot be reviewed by this court.

Finally it is insisted that the evidence does not support the finding upon the issue of accord and satisfaction, and that such finding in turn does not support the judgment, because it was not shown in evidence nor found as a fact that the agreement to accept less than the sum originally claimed to be due was in writing.

In support of this contention we are cited to section 1524 of the Civil Code, which provides that "Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

The code section just quoted is evidently but a modification of the rule of the early common law which in effect provided that payment of an amount less than that due upon a liquidated and undisputed debt did not operate as a satisfaction, even though accepted as such.

The reason for the common law rule rested largely if not entirely upon the theory that an agreement to accept a part payment in satisfaction of a liquidated and undisputed debt was without a good and sufficient consideration, and therefore was but a mere *nudum pactum.* Accordingly it was uniformly held that such an agreement could not be relied upon nor pleaded as a defense to an action brought for the recovery of the whole of an indebtedness which admittedly was due and unpaid at the time the part payment was made. In this state, however, a written instrument was, contemporaneously with the enactment of section 1524 of the Civil Code, declared by section 1614 of the same code to be presumptive evidence of the existence of a consideration; and doubtless these two sections when read and construed together were intended as a relaxation of the rigors of the common law. However that may be, it is certain that section 1524 of the Civil Code has reference only to agreements of release and satisfaction made in cases where the obligation is neither doubtful nor disputed, and has no application to an *executed* agreement of accord and satisfaction founded upon the settlement and extinction of a disputed debt. (*Simmons* v. *Hamilton,* 56 Cal. 493; *Rued* v. *Cooper,* 119 Cal. 463, [51 Pac. 704]; *Flaningham* v. *Hogue,* 59 Ill. App. 315; *Reynolds* v. *Silvers,* 17 N. J. L. 275; *Farmers' Bank etc.* v. *Blair,* 44 Barb. (N. Y.) 641.)

Of course an accord without satisfaction will not operate to bar an action upon a disputed debt (*Simmons* v. *Oullahan,* 75 Cal. 508, [17 Pac. 543]); but parol evidence, even though it involve the subject matter of an executory contract which in itself would be within the statute of frauds, may be resorted to for the purpose of proving performance in satisfaction of the accord. (1 Beach on Modern Law of Contracts, sec. 437.) And where an agreement to accept in full payment a sum less than the amount in dispute has been shown to have been fully executed by the payment and acceptance of the lesser sum the original obligation is thereby extinguished. (*Holton* v. *Noble,* 83 Cal. 7, [23 Pac. 58].)

But one other point remains to be considered, and that involves the claim that the lower·court abused its discretion in permitting the defendants, when the taking of evidence was concluded, to amend their answer to conform to the proof by specifically pleading the existence of an executed agreement of accord and satisfaction as a defense to the action.     In this connection it is further contended that the answer as amended did not state facts sufficient to constitute such defense.     At one time, in this state, there existed a confusion if not a conflict of authority upon the question as to whether or not the defense of accord and satisfaction was required to be specially pleaded.

In the very early case of *Gavin* v. *Annan, Lord & Co.*, 2 Cal. 494, it was held that the defense of accord and satisfaction might be relied upon and established under a mere general denial.     To the same effect was the decision in the case of *McLarren* v. *Spalding*, 2 Cal. 510.     Shortly thereafter, however, it was held in the case of *Fitch* v. *Brockman*, 2 Cal. 575, that it was error to consider the defense of accord and satisfaction unless specially pleaded, and subsequently the rule declared in the earlier cases above referred to was expressly repudiated in the cases of *Piercy* v. *Sabin*, 10 Cal. 22, 30, [70 Am. Dec. 692], and *Coles* v. *Soulsby*, 21 Cal. 47, where it was held that the defense of accord and satisfaction involved new matter which, if established, would avoid the action, and therefore should be specially pleaded.     Later this was declared to be so because under our practice as codified a general denial puts in issue only the allegations of the complaint, and consequently would not suffice to apprise the adverse party of the new matter which he would be required to encounter and overcome at the trial.     (*Glazer* v. *Clift*, 10 Cal. 303.)

The rule annunciated in the cases of *Piercy* v. *Sabin* and *Coles* v. *Soulsby*, was reiterated in the later case of *Sweet* v. *Burdett*, 40 Cal. 97.     True it is that Pomeroy, in his work on Code Remedies, fourth edition, section 541, contends with strong reason that inasmuch as the defense of payment is permissible under a general denial, "similar defenses such as release, accord and satisfaction and the like, cannot with consistency be rejected," but the rule declared .and followed in the series of cases commencing with *Piercy* v.

*Sabin,* 10 Cal. 22, [70 Am. Dec. 692], has not only never been disputed or departed from, but it has been cited with approval in the comparatively recent case of *Wilson* v. *California R. R. Co.,* 94 Cal. 166, [17 L. R. A. 685, 29 Pac. 861]. It may, therefore, be said with certainty that the settled rule of pleading in this state requires an agreement of accord and satisfaction to be specially pleaded before it can be availed of as a defense.

This rule, however, we take it is subject to the exception that if a plaintiff, as a part of his case, proves a payment, and the circumstances under which it was made tend to show an accord and satisfaction, the defendant may rely upon the facts thus shown as constituting an accord and satisfaction though not pleaded as such in the answer. (*Looby* v. *West Troy,* 24 Hun (N. Y.), 78.)

Conceding, as we must, the established rule of pleading to be as stated, nevertheless we see no abuse of discretion in the order of the lower court permitting the defendants to amend their answer in the particular stated. Liberality in the allowance of an amendment to a pleading, particularly an amendment to an answer, is the rule rather than the exception; and in cases where such an amendment can be made in furtherance of justice without jeopardizing the rights of an adverse party it should be freely allowed.

In the present case the evidence up to the time of the interposition of the amended answer tended strongly to show the existence of an executed agreement of accord and satisfaction. This being so we are at a loss to perceive how the situation of the plaintiff could have been materially altered or his rights seriously impaired by permitting the defense of accord and satisfaction to be formally pleaded. It is the general rule that a defendant may plead as many defenses as the circumstances of the transaction in suit will permit. In the present case the defense of accord and satisfaction might have been rightfully interposed in the first instance, and therefore the amendment complained of could not and did not have the effect of rendering the situation of the plaintiff different from what it would have been if such defense had been specifically pleaded *in limine.*

The amended answer of the defendants in pleading the defense of accord and satisfaction allege ''That on and prior to

23 Cal. App.—12

the 11th day of January, 1907, said I. Willard Beam did dispute the bill theretofore rendered by the said B. & W. Engineering Company, and did protest that there was no other or greater sum due upon the obligation sued upon in plaintiff's complaint than the sum of $1000; that on the said 11th day of January, 1907, the said I. Willard Beam offered to pay, and the said assignor of plaintiff did agree to accept, the sum of ten hundred and seventy ($1070) dollars in full settlement, satisfaction and extinction of the said obligation sued upon in plaintiff's complaint; that thereupon, pursuant to said agreement, the said sum of ten hundred and seventy ($1070) dollars was paid to and received by said assignor of plaintiff, and receipt in full settlement of said obligation was executed by said assignor of plaintiff, and that the said assignor of plaintiff received the said sum of ten hundred and seventy ($1070) dollars so paid as aforesaid in extinction of said obligation, and in settlement and satisfaction of the bill rendered therefor, and did use the said money in the business of the said plaintiff.''

The plaintiff did not demur nor seek time to demur to the answer as thus amended; but upon this appeal and for the first time assails the sufficiency of the facts alleged therein to constitute the defense of accord and satisfaction. However, with or without demurrer the answer as amended is invulnerable. Upon principle the defense of accord and satisfaction at the very best requires nothing more to be pleaded than the payment and acceptance, upon a mutual agreement express or implied, of a certain sum of money or other thing of value in full settlement and satisfaction of a pre-existing and previously disputed obligation. The pleading assailed in the present case more than meets these requirements. Indeed it would be difficult to formulate a pleading embodying the essentials of a good accord and satisfaction with greater perspicuity and precision.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1914.