HENRY CLEWS et al., Respondents, *v.* PETER KEHR, Impleaded, etc., Appellant.

90   633
181US473

(Argued June 15, 1882 ; decided October 10, 1882.)

The declarations of a former holder of a promissory note, although made after the maturity of the note, and while it was in his possession, are inadmissible against a purchaser for value.

THIS was an action upon a promissory note for $5,875, executed October 2, 1879, in the name of the firm of Peter Kehr & Co., of which firm defendants were at that time the members, made payable to defendant Stauf and by him indorsed.

Plaintiff's evidence was to the effect that the note was, with the express consent and direction of defendant Kehr, executed and delivered by Stauf to his wife who, was the daughter of Kehr, as a payment of the sum of $5,000, with interest, which Kehr had given in January, 1877, to his said daughter, which she, at his request, had loaned to her husband to enable him go into the firm. Defendant Kehr, who alone defended, denied that the note was given with his consent or knowledge, and claimed that it was not in fact made until after the dissolution of the firm. The material questions presented on the appeal appear in the following extracts from opinion.

" The exceptions argued on this appeal relate to the admission and rejection of evidence, and the manner in which the case was submitted to the jury by the trial judge.

An alleged balance-sheet, purporting to show the assets and liabilities of the firm of Peter Kehr & Co., on January 1, 1880, and which did not mention the note in controversy, among the bills payable, was offered in evidence and rejected. It was a paper made after the dissolution of the firm, and by or under the direction of Kehr alone. It was not a production of the partnership books; it was not proved to be a transcript from or a copy of such books; nor an accurate summary of their contents. It had, therefore, even as against Stauf, no force or effect of its own, and could only be made available by proof that he admitted its correctness. It was as his admission, and not from its inherent character, that it was capable of affecting the issues involved. If he had been the plaintiff in the action, seeking to enforce the note, such admission would have been competent, because that of a party to the record. But, as against Clews & Co., who became holders of the note for value, his admissions, even while in possession of the security, made to Kehr, and forming no part of the *res gestæ*, were simply the unsworn declarations of a third person, and so inadmissible. (*Paige* v. *Cagwin*, 7 Hill, 361; *Tousley* v. *Barry*,

16 N. Y. 497 ; *Von Sachs* v. *Kretz*, 72 id. 553–4.)   The situation here is that of one of two defendants seeking to prove the declarations made to him of his associate against the absent plaintiff.   Upon this ground and for this reason the offered proof was rejected.   It is not now claimed to have been admissible as independent evidence of the fact, to establish which it was offered, but as a contradiction of Stauf.   The attention of the latter had not been called to it, and for that reason such contradiction was not permissible.   It is said, however, that this precise ground of objection was not taken, and if it had been suggested could have been easily obviated.   That is true; and would constitute a sufficient answer if the balance-sheet had been offered either generally, for all legitimate purposes, or specially, to contradict the witness.   But the offer was in neither of these forms.   The purpose of the evidence was definitely stated to be that of proving the non-existence of the note prior to the dissolution, as a distinct fact; and the objection was properly shaped and limited to the declared purpose of the offer.   To allow it now for a different purpose, not disclosed at the trial, would be to make artifice possible, and permit counsel to be successfully misled ; for it is scarcely to be doubted that if the purpose of contradiction had been stated, or the evidence offered generally and without explanation limiting and defining its object, the proper objection would have been interposed.   It is further to be considered that the alleged admission was scarcely shown to have been such.   The witness, Stauf, examined the balance-sheet, but did not assent to its correctness.   On the contrary, he claimed it to be incorrect, for he disputed its result.   He did not undertake to point out its errors.   He was not called upon to do so.   He said enough to make it impossible to claim that he was bound by its contents upon the ground of assent.   For these reasons we think the ruling of the trial court was correct.

We do not see how the notice of dissolution, claimed to have been sent to Clews & Co., was material for any purpose.   The note held by the latter purported to have been made months before, and during the conceded existence of the partnership, and to be one of the very firm liabilities which the notice declared were to be assumed and settled by Kehr.   There was

nothing upon the face of the notice calculated to put Clews & Co. upon inquiry as to the validity of the note in question. The evidence stricken out, of the mailing of such a notice, addressed to Clews & Co., in an unsealed envelope, was for that reason immaterial.

The defendant's counsel made several requests to charge which were refused. The first two were objectionable because they assumed and asserted as a fact in the case that Clews & Co. took the note by transfer from Stauf, and on the basis of a separate and personal transaction with him. That was not true. They took it from Stauf's wife as their immediate indorsee, at first, for collection on her account, and afterward as collateral to a loan or advance made by them to her on the purchase of stocks.

To the statement in the charge that the note in question was given on the 2d of October, 1879, which was the date on its face, there was an exception, accompanied by a request to charge that it was for the jury to determine that question. The request was substantially granted; the court saying in reply that notwithstanding the date of the note it might be shown to have been made at another time. To the charge thus modified no further objection was interposed; and as the last direction given to the jury they were expressly told, in the language of defendant's counsel adopted by the judge, that from the entire evidence they were to determine whether the note was delivered to Mrs. Stauf on the day of its date."

*B. F. Watson* for appellant.

*Albert A. Abbott* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.