DARWIN M. BEARDSLEE, RESPONDENT, *v.* VINCENT W. HEMINGWAY AND ANOTHER, AS ADMINISTRATORS OF HARRY HEMINGWAY, DECEASED, APPELLANTS.

*Partnership — death of one partner — his estate is not discharged by the survivor's agreement to pay a higher rate of interest on the continuance of a firm obligation — insolvency of the survivor — evidence that the estate of the deceased partner is of no value.*

A banking firm, composed of Eugene B. and Harry Hemingway, issued certificates of deposit to P. P. Beardslee, bearing interest at the rate of three per cent per annum. Subsequently Harry Hemingway died and the business was continued by Eugene B., who, in view of Beardslee having threatened to withdraw his money, agreed to pay, and did pay, him four per cent interest on his deposit, but there was no agreement on Beardslee's part to leave the money on deposit for any definite time, nor were the old certificates of deposit surrendered or new ones issued.

Eugene B. having become insolvent an action was brought by an assignee of P. P. Beardslee against the legal representatives of Harry Hemingway to recover the amount of such certificates.

*Held,* that there was no extension of the time of payment of the certificates which would release the estate of the deceased partner.

That the agreement to pay four per cent interest did not discharge the estate of the deceased partner, nor did the payment of interest at that rate.

That, in order that a transaction should have such an effect it must appear that the creditor accepted the liability of the survivor in discharge of the liability of the partnership. That whether this has been done is a question of fact.

That as Eugene B. Hemingway was insolvent an action would lie to enforce payment from the legal representatives of the deceased partner.

That it was not error to exclude evidence to show that the estate of Harry Hemingway had no assets.

APPEAL by the defendants Vincent W. Hemingway and Lavinia B. Hemingway, as administrators of Harry Hemingway, deceased, from a judgment of the Supreme Court, entered, upon a decision of the court, the jury having been discharged from the further consideration of the case, in favor of the plaintiff for $1,208, and interest at three per cent, after a trial at the Broome Circuit, with notice of an intention to bring up for review on the appeal the findings of the court, its refusals to find as requested, and its rulings as made.

The plaintiff was an assignee of P. P. Beardslee.

*Alexander & A. W. Cummings,* for the appellants.

*Carver, Deyo & Jenkins,* for the respondent.

MERWIN, J.:

This action is brought to recover the amount of four certificates of deposit, amounting in the aggregate to $1,208, given by the banking firm of H. Hemingway & Son to P. P. Beardslee, prior to May 14, 1886. The certificates were in the usual form, and each had the clause, "interest at 3 per cent if left 6 months." The firm was composed of Harry Hemingway and Eugene B. Hemingway. The former died on May 14, 1886, and the certificates in question were then outstanding. Eugene B. continued and individually carried on the business at the same place, and also adjusted unsettled copartnership business.

On or about June 15, 1886, there was a conversation between P. P. Beardslee and Eugene B. Hemingway with reference to an increased rate of interest upon the certificates. Beardslee said to Hemingway that he could, at some other bank, get four per cent, and Hemingway replied that he would allow him four per cent on the certificates if he would leave them. At the close of Hemingway's evidence, in reply to the question, "When you agreed to pay the four per cent what was the conversation between you and Mr. Beardslee," the witness testified: "He said he could get four per cent here in Binghamton at the savings bank, and that if I could not pay it he would probably make the change; he did not say he really would, but carried that idea, and I told him I would give him the increased rate of interest, four per cent, on the condition that he left it; that is all the conversation in regard to it." In substance, Hemingway verbally agreed to pay Beardslee four per cent interest if he would leave the money. The money was not drawn out, and thereafter and up to December 1, 1889, interest was paid at the rate of four per cent. There was, as the court below found on sufficient evidence, no agreement to leave the money any time, or till the happening of any event, and no agreement which would have prevented the holder from demanding the same at any time. The defendants had no knowledge of, and did not consent to the change of interest. They were appointed administrators on the 23d of September, 1886.

Shortly after December 1, 1889, Eugene B. Hemingway failed. The present action was commenced on the 20th of August, 1891, and

the plaintiff, to whom the certificates had been transferred, recovered their amount, with interest at three per cent from December 1, 1889.

The defense is mainly based on the transaction between plaintiff's assignor and the surviving partner with reference to the increased rate of interest.

There was nothing to prevent the creditor from demanding his pay at any time upon the certificates. There was, therefore, no extension of time of payment that would release the estate of the deceased partner, assuming it occupies the position of a surety. Indeed, the claim of the defendant does not seem to be placed on this basis, but upon the theory that there was, in effect, a new contract between the creditor and the surviving partner that operated to release the estate.

In *Hamersley* v. *Lambert* (2 Johns. Ch., 508) it is said by Chancellor KENT to be the established doctrine that neither delay, nor lapse of time, nor dealing with the survivor, nor calling for and receiving part of the debt from the survivor, amounts to a waiver or bar of the claim upon the assets of the deceased. In Parsons on Partnership (438 [2d ed.]) it is said, with reference to the liability of a retiring partner, that "if a creditor of a firm contracts or agrees with a new firm to take their security in discharge of that of the old, the retiring partner is discharged from any liability to pay the debt, and whether such an agreement has taken place is a question of fact for the jury. To discharge the retiring partner, however, it is not sufficient to take a new security, but there must be an agreement to discharge him from the liabilitiy of the old firm." The mere receiving of interest from the new firm will not discharge the old. (Id., 441 ; *Daniel* v. *Cross*, 3 Ves., 277.) In *Heath* v. *Percival* (1 P. Wms., 682 ; S. C., 1 Str., 403, and referred to in 2 Coll. on Part. [6th ed.], 914) there was an agreement by the continuing partner to pay an increased rate of interest, and a receipt of the same by the creditor. It was held that the estate of the retiring partner was not released. The question in such cases seems to be, whether the transactions show that the creditor has accepted the liability of the survivor in discharge of the liability of the partnership (*Winter* v. *Innes* (4 Myl. & C., 101); 16 Am. and Eng. Encyc. of Law, 906, 908, and cases cited ; *Fogarty* v. *Cullen* (49 Supr. Ct., 397), and this is a question of fact. (*Harris* v. *Farwell*, 15 Beav., 33.)

In the present case the certificates of the firm were not surrendered, nor was there any further obligation in writing taken from the survivor. The creditor was given the option of allowing his money to remain and receiving an increased rate of interest. This option the creditor availed himself of for several years. The debt was not changed. There is no finding, or request to find, that the creditor intended to release the estate, or that the survivor intended or agreed to become solely liable. We cannot say, as matter of law, upon the facts as here presented, that such intent existed on the part of either party, or that exclusive credit for the debt was given to the survivor. It follows that the defense in this regard is not made out.

In the course of the trial the plaintiff showed that on the 2d of July, 1890, he recovered a judgment in the Supreme Court against Eugene B. Hemingway upon the claim in controversy, upon which execution was thereafter issued and returned wholly unsatisfied. The defendants claim that this judgment is invalid by reason of certain defects in the affidavits upon which an order for the service of the summons by publication was based. This question it is not important here to consider, as it is found upon sufficient evidence that Eugene B. Hemingway at the time of the commencement of this action, and for some time prior thereto, was insolvent. This authorized an action to enforce payment against the estate of the deceased partner. (*Pope* v. *Cole*, 55 N. Y., 124.)

It was not error for the court to decline to receive evidence that defendants had no assets. (Code, § 1824.) Nor does it appear that the ruling of the court as to certain declarations of plaintiff's assignor was erroneous. (*Clews* v. *Kehr*, 90 N. Y., 633.)

The judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.