PER CURIAM. This case was correctly decided below, if the proper effect was given to a release of a portion of the premises from a mortgage thereon. The question is whether this release included easements to use certain private roads. The description in the release is not broad enough in its terms to embrace such easements. Kings Co. Fire Ins. Co. v. Stevens, 87 N. Y. 287, 41 Am. Rep. 361. Nor did the easements pass as appurtenances to the land specifically released. Parsons v. Johnson, 68 N. Y. 66, 23 Am. Rep. 149; Longendyke v. Anderson, 101 N. Y. 625, 4 N. E. 629. It would seem, therefore, that the learned trial judge was right in holding that the mortgagee, upon foreclosure, has the right to have the mortgaged premises sold free from such easements, if that course is necessary in order to realize a sufficient sum to pay the amount due.

The judgment should be affirmed.

---

## UNION TRUST CO. OF ROCHESTER v. SEELIG et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. BILLS AND NOTES—ACCOMMODATION INDORSEMENT—RAISING AMOUNT—EVIDENCE.

In an action on an alleged raised note by a bona fide indorsee against an accommodation indorser, declarations of the maker two days after the making and indorsement of the note, tending to show that the accommodation indorser indorsed a note for $200, and not the note sued on, which was for $2,200, were not admissible as res gestæ.

2. SAME—OBJECTIONS.

Where evidence which was generally incompetent was excluded, the ruling would be sustained, though the only objection was that it was immaterial.

3. IMPEACHMENT OF WITNESS—EVIDENCE.

Where, in an action on a note for $2,200, an accommodation indorser denied liability on the ground that the note which he signed was for $200, and the maker of the note, as a witness for plaintiff, gave evidence tending to contradict such defense, alleged declarations of such maker, tending to show that the note indorsed was for $200 only, were admissible to contradict the maker.

4. EVIDENCE—OBJECTIONS.

Where evidence, objected to for immateriality only, was admissible for the purpose of impeachment, the exclusion of such evidence could not be sustained, on appeal, on the ground that no foundation for impeaching evidence had been laid.

Appeal from Trial Term, Monroe County.

Action by the Union Trust Company of Rochester against Emile Seelig, impleaded with Emile Leighton. From a judgment in favor of plaintiff, and from an order denying defendant Seelig's motion for a new trial, he appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Leon Kronfeld, for appellant.

Elbridge L. Adams, for respondent.

HISCOCK, J. This action was brought by plaintiff, as the holder for value and before maturity, to recover the amount of a promissory

note for the purported sum of $2,200, made by the defendant Leighton, and indorsed by the defendant Seelig and one Murray.

The defense which the defendant Seelig sought to establish upon the trial was that he indorsed a note for $200 made by the defendant Leighton, and that the note sued upon was manufactured by raising said note to a purported one for $2,200; that this was done by the defendant Leighton, and before it came into plaintiff's possession.

The only question which we deem it necessary to consider is raised by the exclusion by the learned trial court of evidence offered in behalf of appellant of certain alleged statements made by the defendant Leighton at about the time plaintiff's note is said to have been made. We think that said exclusion was such error as calls for the reversal of the judgment appealed from, and for a new trial.

The note in question bears date May 17, 1902. The appellant Seelig claimed, and gave evidence tending to show, that upon that day he in reality indorsed a note for the benefit of Leighton for the sum of $200, and that two days later Leighton brought said $200 note back to him and asked him to indorse a larger one for the sum of $2,500. This evidence was permitted without objection by plaintiff, and tended to establish the defense that the note given upon May 17th, was for $200, and not for $2,200, as is now claimed in behalf of plaintiff.

Subsequently said appellant called a witness named Hayes, who testified that he was at appellant's stable on May 19th, and then upon his examination the following took place:

"Q. Did you hear a conversation between Leighton and Seelig on the 19th of May, 1902? (Objected to. Sustained. Exception.) Q. Did you see that note for $200, which Seelig had indorsed on the 17th, in the hands of Leighton on the 19th of May, 1902? A. I can't say I did. He had some papers in his hand. Q. Was anything said in reference to that note? (Objected to as immaterial. Sustained. Exception.) Mr. Kronfeld: I desire to prove that Leighton at that time asked Seelig to indorse a note for $2,200, and that he would then give him back the $200 note. Q. Did Leighton ask Seelig to indorse a note for him for $2,200, and if he gave him that note he would give him back the note for $200 which he had indorsed for him on Saturday? (Objected to as immaterial. Sustained. Exception.)"

Counsel for appellant argues, in the first instance, that these alleged declarations of Leighton, tending to show that Seelig indorsed a note for $200 and not for $2,200, would have been competent original evidence to establish his defense in this action. We disagree, however, with this contention. We think that the declarations of a maker of a note not any part of the res gestæ would be entirely incompetent to destroy the claim and rights of a subsequent purchaser and holder, for value and without notice or dishonor, of a promissory note, and that, while the objection was made upon the ground of immateriality, the ruling might be sustained, so far as this purpose is concerned, because of the general incompetency of the proffered evidence. Paige v. Cagwin, 7 Hill, 361; Clews v. Kehr, 90 N. Y. 633.

In addition, however, it is urged that this evidence was competent for another reason. The defendant Leighton was a witness for plaintiff, and had given evidence in its behalf tending to contradict the defense discussed that the note indorsed for him by appellant was for

the sum of $200 instead of $2,200. The evidence offered and excluded tended to contradict this evidence, and in its nature was competent for that purpose. It may be urged, however, that appellant's counsel had laid no proper foundation for the introduction of the excluded evidence upon his examination of Leighton. The answer to this is that no such objection was urged to its introduction. While appellant's counsel in offering the evidence may especially have had in mind his theory that it was competent as original testimony, the record still shows that he offered it generally, and not for any restricted purpose. Such general offer imposed upon plaintiff's counsel the duty of making appropriate objections, and, if the objection had been interposed that the proper ground for the introduction of the evidence had not been laid for the purpose of impeaching Leighton, it would have been possible to cure such objection. We believe, therefore, that its exclusion, under all of the circumstances as disclosed by the record, was error, for which a new trial must be granted. Clews v. Kehr, supra.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein. All concur.