[No. 3,294]

## G. W. WHITMAN v. EDWARD STEIGER.

INSTRUCTIONS TO JURY. — It is error for the Court to instruct the jury to find upon a question of fact in relation to which there is no evidence before them.

THE COURT MUST CONSTRUE CONVEYANCES. — If there is evidence tending to show that title to public lands has passed out of the Government, it is a question for the Court and not for the jury to determine whether the conveyances were operative to divest the title of the Government and vest it in the party claiming it.

LIMITATION OF ACTION AS TO DIVISION FENCE. — If one of two coterminous proprietors of land erects what is intended to be a division fence, claiming it to be on the true line, and holds and occupies the land included by the fence adversely for five years, this is sufficient to support the Statute of Limitations, even though the other coterminous proprietor did not at any time acquiesce in the location of the fence, but constantly protested against it.

PARAMOUNT SOURCE OF TITLE IN EJECTMENT. — When both parties claim under a common source of title, it is unnecessary for the plaintiff in ejectment to trace his title back to the paramount source of title.

APPEAL from the District Court of the Seventh Judicial District, County of Sonoma.

When the plaintiff rested the defendant moved for a non-suit, because there was no proof of title passing from the Government of the United States or any other Government. The Court denied the motion.

The other facts are stated in the opinion.

*A. Thomas,* for Appellant.

*William McCullough,* for Respondent.

By the Court, CROCKETT, J.:

The action is ejectment for a strip of land lying on the dividing line between the two tracts claimed and occupied by the plaintiff and defendant respectively. Neither party exhibited any title derived from the Government of the United States or of Mexico; but, as we understand the facts, both entered under mesne conveyances deraigning title from Vallejo, and each claiming that his chain of title includes the demanded premises, and that his adversary's does not. A verdict and judgment having been rendered for the plaintiff, the defendant appeals from the judgment and from the order denying his motion for a new trial.

The answer denies the allegations of the complaint and relies upon the Statute of Limitations as a defense. At the trial the Court charged the jury as follows: "The first question for you to determine is whether the proof shows that the title of the land in controversy ever passed from the Mexican Government to the plaintiffs. If you find it did not, then it is your duty to find whether the plaintiff or the person through whom he claims were in prior possession of this land." This portion of the charge is objectionable on the ground: first, that there was no foundation for the first branch of it in the evidence as presented by this record. There was no evidence tending to show that the title had ever passed out of the Mexican Government; and, second, if there had been, it was a question for the Court, and not for the jury, whether the conveyances were operative to divest the title of the Government and vest it in the plaintiff. The Court also charged the jury that "when a fence has been built dividing the lines of adjacent owners, there must be an acquiescence on the part of such owners for more than four years, to bar a recovery by the true owner,

CAL. REPS. XLVI—33

when it is shown that the fence is not on the true line." This portion of the charge was not sufficiently guarded and may have misled the jury. If one of two coterminous proprietors erect a division fence, claiming it to be on the true line, and holds and occupies the land included by the fence adversely to the adjacent proprietor for five years, this will be sufficient to support the Statute of Limitations, even though the other coterminous proprietor never, at any time, acquiesced in the location of the fence, but constantly protested against it. In such a case, if he would prevent the bar of the statute, he must bring his action within five years from the commencement of the adverse holding. The question in such a case is not whether he acquiesced in the erroneous location or ceased to acquiesce in it at a particular time, but whether his adversary has held and occupied adversely for the statutory period.

We have been favored with only very brief points by the appellant, and with neither points nor brief by the respondent, and have therefore been compelled to glean the facts from a record uselessly voluminous, unaided by counsel. But as we understand the facts we cannot say that the Court erred in denying the motion for a nonsuit. The plaintiff and defendant both entered under conveyances from a common grantor, and in such cases it is unnecessary for the plaintiff to deraign his title from the paramount source of title.

Judgment and order reversed and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.