[No. 6,182.]

## HANKS v. NAGLEE.

CONTRACT OF MARRIAGE—IMMORAL CONSIDERATION.—In an action for breach of promise of marriage, the plaintiff testified in effect that the defendant promised to marry her if she would surrender her person to him, and that she thereupon consented: *Held*, that the promise was void on account of the immorality of the consideration.

INSTRUCTION.—An instruction is erroneous where the hypothesis upon which it is based cannot be assumed from the evidence.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

The facts are stated in the opinion.

*McAllister & Bergin*, for Appellant.

The promise of marriage testified to by plaintiff was a promise founded upon a vicious and immoral consideration, and, therefore, void. (*Steinfeldt* v. *Levy*, 16 Abb. N. S. 26; *Beaumont* v. *Reeve*, 8 Ad. & E. N. S. 483; Story on Cont. §§ 458, 490.)

The Court erred in its charge to the jury, that if the defendant had seduced the plaintiff under a promise of marriage, that would be an element of damage proper for their consideration.

It is error in a Court to charge a jury upon a supposed or conjectural state of facts, of which no evidence has been offered. (*U. S.* v. *Breitling*, 20 How. 254–5; *Mich. Bank* v. *Eldred*, 9 Wall. 553–4; *Hall* v. *Weare*, 92 U. S. (2 Otto) 728–731.)

*Alex. Campbell* and *D. M. Delmas,* for Respondent.

By the COURT:

This is an action for a breach of promise of marriage. The alleged promise is denied by the answer. The plaintiff was examined as a witness in her own behalf, and testified in substance that the agreement between the parties was, that the plaintiff should then presently surrender her person to the defendant, and that in consideration of such surrender the defendant would afterward marry her. "He promised me that if I should give up myself to him, that he should marry me."

"Q. What did you say to that?"

"A. At first I refused; at last I, of course, gave myself up to him."

1st. Upon well-settled principles the plaintiff should not have recovered upon a contract of this character. As being a contract for illicit cohabitation, it is tainted with immorality. (Story on Cont. § 458; *Steinfeldt* v. *Levy,* 16 Abb. N. S. 26, and other authorities cited in appellant's brief.)

2nd. But this question was not made below, nor is the record here in such a condition as would, under the settled rules of practice, permit us to determine the case upon this point.

3rd. But the Court below, in stating to the jury "the elements of injury which go to make up the sum total of damage" which the plaintiff might be considered to have sustained, instructed them as follows: "Next, if  *  *  *  the defendant, taking advantage of the promise under which she (the plaintiff) was acting, has had illicit relations, and has seduced the plaintiff, that is another element proper for the jury to consider," etc. But the evidence which we have just detailed, coming as it did from the mouth of the plaintiff herself, shows that this case is not one of the character assumed by the Court as the basis for this instruction. It was confessedly not a case in which the defendant, taking advantage of the trust and confidence which may be fairly supposed to exist between parties who have in apparent good faith made mutual promises of mar-

riage, has abused the confidence of a female, and induced her to yield him favors which she might have otherwise withheld. The agreement to yield her person to him was one appearing to have been deliberately made in advance, and when there had been no promise of marriage. It is clear, therefore, that the hypothesis upon which this instruction was based could not be assumed by the jury for the purpose of fixing the amount of damages the plaintiff was to recover.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.