HERZFELD et al v. REINACH.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. REFEREE—RULINGS ON EVIDENCE—REVIEW.

When objections are made during trial before referee to reception of evidence, or motions are made to strike out evidence, and he omits to rule on such objections or motions before close of trial, the objections and motions must be considered on review as if decided in favor of the successful party, and an exception taken thereto, unless such party can show that omission to rule did not and could not injure the other party.

2. PLEADINGS AS EVIDENCE—AMENDMENT.

Amendment of answer after its admission in evidence does not destroy the original answer as evidence.

Appeal from judgment on report of referee.

Action by Felix Herzfeld and another against Max Reinach. From a judgment, on report of referee, dismissing the complaint, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. Lewison, for appellants.
Edward W. S. Johnston, for respondent.

McLAUGHLIN, J. This action was brought to recover a balance alleged to be due the plaintiffs, as surviving members of the firm of Herzfeld & Co., in making purchases and sales of stock for the defendant. The answer is substantially a general denial of the cause of action alleged in the complaint, and it also contains a counterclaim for alleged disobedience of the defendant's orders in making the purchases and sales. The issues involved were sent to a referee to hear and determine, who, after trial, dismissed the complaint upon the merits, with costs, and the plaintiffs have appealed.

During the progress of the trial numerous objections were made by the defendant to the admission of testimony, and the plaintiffs objected to the granting of certain motions made by the defendant to strike out evidence which had theretofore been received without objection. After both parties had rested, plaintiffs moved to dismiss so much of the defendant's answer as alleged a counterclaim, upon the ground that no proof had been adduced to sustain it. The referee did not rule upon these objections or motions at the time they were made, nor at any time during the trial, and his report fails to show that he ever passed upon them in any way. The evidence concerning which the objections and motions were made had a very material bearing upon the issues involved, and the failure of the referee to pass upon them before the close of the trial, or to in-

dicate in his report the disposition which he had made of them, constitutes an error which requires a reversal of the judgment.

The method adopted by the referee in reserving his decision upon objections and motions made by the respective parties during the progress of the trial, and then not disposing of such objections before the final submission of the case, so that the party ruled against may have his exception to the ruling noted if he so desires, cannot be sanctioned by this court. It is not the proper way to conduct a trial, and the courts have heretofore, when the matter has come before them, disapproved of such practice. Sharpe v. Freeman, 45 N. Y. 802; Lathrop v. Bramhall, 64 N. Y. 365. A litigant is entitled to have a trial so conducted that a record can be presented to the appellate court, if desired, for review, which will show upon what evidence the decision is based. This cannot be done when a trial is conducted in the manner in which this one was. We think it must be held, when objections are made during the progress of the trial to the reception of evidence, or motions are made to strike out the same after it has been received, and the referee omits to rule upon such objections or motions at the time they are made, or before the close of the trial, that then such objections and motions must be considered upon review the same as if they had been decided in favor of the successful party, and an exception duly taken thereto, unless the successful party can show that the omission to make the rulings did not, and could not by any possibility, injure the defeated party. Lathrop v. Bramhall, supra. If such rule be adopted, then it at once becomes apparent that this judgment must be reversed. On the trial the plaintiffs offered in evidence a portion of defendant's answer which contained an admission of the purchases and sales of stocks referred to in the complaint. The answer was thereafter amended, and a motion made by the defendant to strike out the original answer as evidence, on the ground that it, having been amended, was no longer competent evidence against the defendant. The amendment did not destroy the original answer when it was sought to be used as evidence, and not as a pleading. The referee erred if he granted the motion, and if he did not grant it, but considered the admission contained in the answer, it is difficult to see how he could have dismissed the complaint.

Many other grounds of error are assigned, but, in view of the conclusion at which we have arrived, it is unnecessary to consider them.

The judgment must be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.