[S. F. No. 1703. In Bank.—February 1, 1902.]

## MARGARET A. LATHROPE et al., Respondents, v. P. H. FLOOD, Appellant.

ACTION FOR DAMAGES TO WIFE—DEATH OF CHILD—ABANDONMENT OF
   CARE BY PHYSICIAN—INSTRUCTION FOREIGN TO ISSUES.—In an ac-
   tion by a husband and wife to recover damages alleged to have been
   sustained by the wife by the acts and conduct of a physician called
   to attend her during confinement, who abandoned the case because
   when necessarily using instruments she repeatedly pulled away
   therefrom, with screams, whereupon another physician was called in,
   who finally, by the aid of instruments, delivered the child, which

---

[1] 2 Am. St. Rep. 814.

bore marks and bruises upon its head, and died fifteen minutes after birth, where there was no averment in the complaint of damages resulting from the death of the child, and no evidence tending to show that its death resulted from any unskillful treatment by the defendant, and no averment or proof that the defendant was unskillful in his treatment of the case prior to his abandonment thereof,—an instruction as to the assessment of damages by reason of the death of the child, and as to the consideration of the defendant's connection with the death, was foreign to any issue in the case, and was erroneous and misleading.

ID.—DAMAGES FOR DEATH OF CHILD—RIGHT OF ACTION IN HUSBAND—PLEADING—MISJOINDER.—A right of action for damages for the death of the child is confined to the husband alone, and to be recovered must be specially pleaded. The cause of action therefor cannot be properly joined with a cause of action to recover for damages sustained by the wife.

ID.—VERDICT OF ENTIRE SUM—ITEMS OF DAMAGE NOT SPECIFIED—NEW TRIAL.—Where the verdict was for an entire sum, and the items of damage upon which the court instructed the jury for its consideration in rendering its verdict were not specified, so that it cannot be ascertained what damages would have been awarded, if the erroneous and misleading instruction had not been given, the verdict must be set aside, and a new trial granted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, for Appellant.

Edgar D. Peixotto, and William S. Barnes, for Respondents.

HARRISON, J.—The plaintiffs are husband and wife, and seek hereby to recover damages from the defendant for injuries sustained by the plaintiff Margaret, by reason of the acts and conduct of the defendant towards her at the time of her confinement. The defendant is a physician, and had been engaged by the wife to attend her upon that occasion. Upon being summoned to her residence therefor, he found the case to be somewhat complicated, and that it would be necessary to make use of instruments for the purpose of removing the child from the mother. Upon inserting the instruments for this

purpose the mother cried out from the pain caused thereby, and shrank or pulled herself away so that the instruments came out. Upon inserting them again she again screamed and shrank away, whereupon the defendant said: "You quit your screaming. If you don't quit, I'll quit." She again screamed, and the instruments again came out, and the defendant thereupon wrapped up his instruments, saying, "I am going to quit," put on his overcoat, and left the room, without giving any directions to the wife or to the nurse who was with her, or saying anything further. After he had left the house, the husband followed him and asked him to return, but with considerable rudeness he refused. In about an hour another physician was obtained, by whose aid the child was delivered. This physician was also compelled to make use of instruments for its delivery, and when the child was delivered it had certain marks or bruises upon its head, and lived only about fifteen minutes after its birth. In the complaint herein, after setting forth the foregoing facts, and alleging that the death of the child resulted from the said unskillful and negligent conduct of the defendant, the plaintiffs allege: "That by reason of the several premises, plaintiff Margaret A. Lathrope was injured in her health and constitution, and was weakened in body, and said plaintiff suffered great pain and mental anguish, to the damage and detriment of plaintiffs in the sum of ten thousand dollars." The case was tried by a jury, and a verdict of two thousand dollars was rendered against the defendant. From the judgment entered thereon and from an order denying a new trial the defendant has appealed, and in support of his appeal contends that the court erred in giving to the jury certain instructions in regard to the damages which they might award.

Upon this subject the court gave the following instruction:—

"In assessing damages the jury may also consider what, if any, connection defendant's conduct had with the death of the child of plaintiffs, that being made an issue in this case; and if you believe from the evidence in the case that defendant's acts or omissions heretofore mentioned were the direct, proximate cause of the death of plaintiffs' child, then you may consider this in assessing damages. Compensatory

damages for the death of a minor child include damages for the pecuniary loss proximately resulting from the death, but do not include damages for mental suffering from bereavement.''

The complaint does not charge any negligent or unskillful conduct on the part of the defendant in his treatment of the plaintiff Margaret prior to his abandonment of the case; nor was there any evidence at the trial that so long as he remained with her he was in any respect negligent or unskillful. The only ground of recovery against the defendant charged in the complaint is for the injury sustained by the wife in health and constitution, and for the pain and mental anguish suffered by her. No claim is made in the complaint, nor was there any evidence at the trial, of any damage sustained by reason of the death of the child, and the jury were instructed that they could not award damages for mental suffering arising from bereavement. Moreover, there was no evidence before the jury from which they could find that the death of the child was caused by negligence or want of skill on the part of the defendant in his efforts to effect its delivery. A claim for damages by reason of the death of the child should have been specially pleaded, and the right to recover such damages was in the husband alone. If such claim had been set forth in the complaint herein, the complaint would have been subject to demurrer for a misjoinder of parties plaintiff as well as for misjoinder of causes of action.

The case before the court did not, therefore, authorize any recovery for damages arising from the death of the child, and it was error for the court to instruct the jury that in assessing damages they could consider whether the defendant's conduct had any connection with its death, and could also consider his acts and omissions in causing its death. Such instruction was foreign to any issue in the case, and was misleading and tended to divert the jury from a consideration of the only questions proper to be submitted to them. (*Whitman* v. *Steiger*, 46 Cal. 256; *Hanks* v. *Naglee*, 54 Cal. 51.[1])

As the verdict is for an entire sum, and does not specify the amounts of the several items of damage which the court instructed the jury that it might consider in making up its verdict, it is impossible to determine the amount which would

[1]35 Am. Rep. 67.

have been awarded in the absence of such instruction, and the verdict should therefore have been set aside.

The judgment and order denying a new trial are reversed.

Garoutte, J., Van Dyke, J., Temple, J., McFarland, J., and Beatty, C. J., concurred.

Rehearing denied.