## HILLMAN et al. v. DE ROSA.

(Supreme Court, Appellate Term. January 26, 1905.)

1. APPEAL—UNDISCLOSED RULINGS—PRESUMPTIONS.

Where the record does not disclose the ruling of the Municipal Court on a motion made to strike out testimony, the Appellate Term must assume that such ruling was in favor of the successful party.

2. LANDLORD AND TENANT—SURRENDER—EVIDENCE—ADMISSIONS.

In an action for rent, where the defense was an unconditional acceptance by plaintiffs of defendant's surrender, testimony of admissions by plaintiffs in another action that defendant surrendered the premises absolutely, and that the surrender was accepted, was admissible.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Frank Hillman and others against Andre De Rosa. From a judgment for plaintiffs, defendant appeals. Reversed.

See 90 N. Y. Supp. 409.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

B. F. Spellman, for appellant.

M. Silverstein, for respondents.

SCOTT, J. This action is brought to recover rent of premises 256 South street, New York City, for the months of June and July, 1903. The defendant moved from these premises between June 8 and June 10, 1903. The plaintiffs claimed that the term did not expire until May 1, 1904. The defendant claimed that he had surrendered the premises to the plaintiffs between June 8 and June 10, 1903, and that the surrender was accepted unconditionally by the plaintiffs. On the other hand, the plaintiffs claim that the acceptance

by him of the surrender was conditioned upon the acceptance by his own lessor—one Hennessy—of the plaintiffs' surrender. In order to disprove this claim of the plaintiffs, the defendant offered in evidence certain testimony given by the plaintiffs in another action in the Municipal Court, in which the plaintiffs were sued for the rent of the same premises. The defendant here claimed that this testimony showed that the plaintiffs made admissions in that action to the effect that the defendant De Rosa had surrendered the premises absolutely, and that they accepted the surrender. The court below, under objection, admitted the testimony, subject to a motion to strike out at the end of the case. This motion was made subsequently by the plaintiffs, and the court reserved its decision. The record does not disclose the court's ruling on this motion. We must therefore assume that it was in favor of the successful party, the plaintiffs. Herzfeld v. Reinach, 44 App. Div. 326, 328, 60 N. Y. Supp. 658; Adams v. Elwood, 176 N. Y. 106, 68 N. E. 126. It follows, therefore, that the testimony was not admitted. An examination of the testimony thus excluded shows that it has a direct bearing on the issues presented on this trial, and for that reason should not have been excluded. Under the circumstances, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.