(50 Misc. Rep. 644)

### MASLON v. SPRICKERHOFF et al.

(Supreme Court, Appellate Term. April 24, 1906.)

1. APPEAL—PRESUMPTIONS—DISPOSITION OF MOTION.

Where the record does not show what disposition was made of a motion to strike out testimony, the appellate court will assume that it was decided in favor of the successful party.

2. EVIDENCE—ADMISSIONS—FORMER HOLDER OF NOTE.

In an action on a check by an alleged bona fide holder, evidence of statements alleged to have been made by the original payee to persons other than plaintiff, and not in his presence, was not admissible to contradict his testimony as to the bona fides of his ownership.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 873–875.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Wolf Maslon against George Sprickerhoff and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Meyer Greenberg, for appellant.

Menken Bros. (Mortimer M. Menken, of counsel), for respondents.

TRUAX, J. This action was brought to recover the amount of a check made by the defendants to one Rabinowitz, and by him transferred to the plaintiff. The sole question litigated was whether or not the plaintiff was a holder for value in due course. The check was given to Rabinowitz on the evening of December 7, 1905, and on December 8, 1905, the defendants stopped payment thereon. The plaintiff testified that he got the check the night of December 7, 1905, of Rabinowitz, paying in cash the full face value of the check. Aside from statements alleged to have been made by Rabinowitz to several persons after the time payment of the check was stopped by the defendants, there is but slight testimony tending to contradict the testimony of the plaintiff as to the bona fides of his ownership. These alleged statements are not claimed or shown to have been made in the presence of the plaintiff, and were objected to, and were received only upon the promise of the defendants' attorney that they would be connected with the plaintiff. This not having been done, the plaintiff's attorney moved at the close of the case to strike from the record all such testimony. Decision upon

this motion was reserved by the trial judge, who subsequently gave a judgment in favor of the defendants. As the record contains nothing from which we can determine what disposition was made of the motion, we must assume that it was decided in favor of the successful party. Herzfeld v. Reinach, 44 App. Div. 326–328, 60 N. Y. Supp. 658; Hillman v. De Rosa, 46 Misc. Rep. 261, 92 N. Y. Supp. 67. Such testimony was clearly inadmissible (Paige v. Cagwin, 7 Hill, 361; Clews v. Kehr, 90 N. Y. 633), and what effect it may have had upon the mind of the court in determining the issue in favor of the defendants it is impossible to say, and the judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.