[Sac. No. 1419.   Department One.—April 11, 1907.]

# B. J. SHORT, Respondent, v. GEORGE K. FRINK, Appellant.

NEGLIGENCE—ACTION AGAINST PHYSICIAN FOR MALPRACTICE—EVIDENCE OF PHYSICIAN SUBSEQUENTLY EMPLOYED—GENERAL OBJECTION TO QUESTION—MOTION TO STRIKE OUT.—In an action against a physician to recover damages for malpractice, which the complaint alleged was solely due to the defendant's negligence in treating the plaintiff while he was his attending physician, a physician who was subsequently called to attend the plaintiff, after the defendant had ceased attending him by reason of plaintiff's refusal to accept further services from him, and who made only one call on the plaintiff, cannot be questioned as to his reasons for having made only one call. And if in reply to such questions, which were properly objected and excepted to, the witness testifies in effect that the defendant made statements to him calculated to dissuade him from attending the plaintiff, the evidence thus elicited will be deemed prejudicial to the defendant, and the error in admitting it may be taken advantage of without a motion to strike out. And the error will not be cured by the subsequent testimony of the defendant as to the same conversation, which materially contradicted the testimony given by such witness.

ID.—QUESTION OBJECTIONABLE IN TOTO.—If a question is objectionable from every standpoint, and on its face there appears no purpose whatever for which the evidence asked could be admissible, a general objection of irrelevancy, incompetency, and immateriality is sufficient.

ID.—MOTION TO STRIKE OUT ANSWER UNNECESSARY WHEN QUESTION IS OBJECTIONABLE IN TOTO.—Where it is apparent from a question itself that the response thereto will, upon any theory of the case, be inadmissible, a motion to strike out the answer is not essential to preserve the right of the objector to complain. It is sufficient to object to the proposed evidence, and except to the ruling admitting the same.

ID.—CONVERSATION WITH DEFENDANT—QUESTION NOT SUGGESTING ANSWER—MOTION TO STRIKE OUT NECESSARY—DEPOSITION.—Where a further question was asked of such witness as to the substance of a subsequent conversation had with the defendant concerning the plaintiff, to which the witness answered that the defendant had then thanked him for refraining to treat the plaintiff, such evidence was improper and prejudicial to the defendant. It was not error, however, for the court to overrule a general objection to the question, on the ground that it was irrelevant, immaterial, and incompetent, for it was not apparent from the question itself that the response would be inadmissible. The defendant, to have availed himself of the error in the admission of the testimony, should have moved to have it stricken out. And this rule is applicable, although

the question and answer were embodied in the deposition of the witness.

ID.—CERTIFICATE TO DEPOSITION—SUFFICIENCY OF.—The precise form of the certificate to a deposition, to be made by the officer taking the same, is nowhere prescribed by our law, and any certificate showing substantial compliance with the statutory provisions as to the mode of taking and certifying is sufficient. A certificate that ''said deposition, and the testimony given by said witness was reduced to writing by me, and, when completed, was by me carefully read to said witness, and being by him corrected and was by him subscribed in my presence,'' is a sufficient compliance with section 2032 of the Code of Civil Procedure, providing that the deposition, when completed, ''must be carefully read to the witness and corrected by him in any particular, if desired.''

APPEAL from a judgment of the Superior Court of Shasta County and from an order refusing a new trial. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

Goodfellow & Eells, Sweeney & Tillotson, and Braynard & Shanahan, for Appellant.

Walter E. Herzinger, Bush & Perry, and Reid, Dozier & Carr, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant, a physician and surgeon, from a judgment for eight thousand dollars given in favor of plaintiff in an action brought to recover damages for alleged malpractice. The only matters presented for our consideration on this appeal are certain rulings of the trial court in the admission of evidence.

Plaintiff sustained a compound fracture of the tibia bone of his right leg on December 8, 1901. Defendant was immediately employed to treat plaintiff for this injury, and continued to attend him until December 31, 1901, when plaintiff became dissatisfied with him, and, having called in Dr. Bradshaw, discharged defendant, without, however, paying him for his services. Some days later, Dr. Pratt was called in, and he continued to attend plaintiff for some fifteen months. On plaintiff's cross-examination, he was asked how many days he was without a doctor after Dr. Frink left, and said ''something like six or seven days.'' The deposition of Dr. Brad-

shaw was taken without attendance of any one on the part of the defendant. All the testimony given was elicited by questions asked by plaintiff's attorneys. It showed the results of his examination of the wound on December 31, 1901, and his opinion as to the treatment plaintiff had received. It also showed that he did what he could with the implements at hand to properly care for and relieve his suffering, and that he left with the intention of returning the following day. He stated in reply to a question of plaintiff's attorney, that he did not again call on plaintiff. He was then asked: ''Why did you not return or go back to see the plaintiff the following day?'' When the deposition was read on the trial defendant objected to this question on the ground ''that the same was irrelevant, immaterial, and incompetent, and not responsive to any issue in the case.'' The objection was overruled. The plaintiff then read the answer from the deposition as follows: ''Because in a conversation with Dr. Frink the following morning over the telephone he informed me that he had neither been discharged from the case nor received payment for his services.'' Having further testified that he never returned to plaintiff, that he met Dr. Frink the following summer, and that Dr. Frink had a conversation with him in regard to plaintiff, he was asked: ''What was that conversation, as near as you can give it, or the sum and substance of it?'' This was objected to on the same general grounds, and the objection overruled, whereupon the answer was read as follows: ''We did not discuss the plaintiff's injuries or the treatment of the same by Dr. Frink, but Dr. Frink thanked me for not interfering with his case or going to treat the plaintiff.'' There was no motion to strike out either of these answers. Dr. Frink, when subsequently testifying in his own behalf, said, on direct examination, that after being discharged and told by plaintiff that Dr. Bradshaw had visited him, he told plaintiff that he would like to have his bill satisfied, and that thereafter he called up Dr. Bradshaw on the telephone, and told him that he would expect the courtesy extended from one physician to another, and would like to have the bill settled before Dr. Bradshaw took charge of the case, but that he also told him that he had been discharged. The only claim made by plaintiff's complaint was that defendant had been negligent in his treat-

ment during the time he was attending plaintiff. There was no allegation of any act done by defendant to the injury of plaintiff subsequent to his discharge from the case, and no allegation of oppression, fraud, or malice on the part of defendant.

It is earnestly contended that the trial court erred to the prejudice of defendant in allowing the answers quoted from Dr. Bradshaw's deposition to be read in evidence.

As to the first of these answers, we see no escape from the conclusion that the claim of defendant is well based.

The question upon its face called for matter that was not within the issues made by the pleadings, and that was wholly immaterial and irrelevant. No possible answer favorable to plaintiff has been suggested, and none has occurred to us, that would be proper evidence, in view of the issues made by the pleadings and the evidence contained in the record, and certainly the trial court was not justified in assuming that the plaintiff was seeking matter unfavorable to his cause. We must assume that all the evidence in any way material to the ruling on this matter is contained in the record. That Dr. Bradshaw did not make any subsequent call on plaintiff, and his reasons for not doing so, were apparently matters entirely foreign to the controversy. If a question is objectionable from every standpoint, if on its face there appears no purpose whatever for which the evidence asked could be admissible, a general objection of irrelevancy, incompetency, and immateriality is sufficient. (See 1 Wigmore on Evidence, sec. 18c (1) ; *Swan* v. *Thompson,* 124 Cal. 193, [56 Pac. 878].) We are satisfied that it must be held that the court erred in overruling the objection.

That the matter elicited by the question was of a nature most prejudicial to defendant cannot be doubted. Its inevitable tendency was to create a belief in the minds of the jurors that the defendant had attempted to prevent plaintiff from procuring necessary medical attendance, and to accomplish this had not only told Dr. Bradshaw that he had not as yet been paid for his own services, but had gone to the extent of falsely representing to him that he had not been discharged from the case, or, in effect, that he was still the regular attending physician therein. Such a statement, if believed, would naturally have the effect of restraining Dr. Bradshaw

from interfering with his brother physician's case, until such time as defendant had abandoned the same or had been finally discharged. If the jury believed that defendant had endeavored to prevent a former patient sorely in need of medical attendance from procuring the same, such belief would naturally prejudice them against him; and if they further believed that he had resorted to falsehood in order to accomplish this result, such belief could but enhance that prejudice and most unfavorably affect his cause. While defendant denied that he told Dr. Bradshaw that he had not been discharged, and said that he told him that he had been discharged, no one could tell which witness the jury believed, except in so far as the verdict against defendant may indicate.

It was not necessary for defendant, in order to save this point, to make a motion to strike out the testimony after it was read. It is only where it is not apparent from the question itself that the response thereto will, upon any theory of the case, be inadmissible, and the inadmissible evidence is for the first time disclosed by the answer, that the rule declared in *People* v. *Lawrence,* 143 Cal. 148, 155, [76 Pac. 893], is applicable, and a motion to strike out is essential to preserve the right of the objector to complain. Where the question upon its face shows that the testimony called for is necessarily inadmissible, the rights of a party are fully preserved by his objection to the proposed evidence, and his exception to the ruling admitting the same. In fact this is the only way in which he can preserve his objection where the question is of such a character, and the answer is strictly responsive to the question. (See *People* v. *Long,* 43 Cal. 444; *People* v. *Scalamiero,* 143 Cal. 341, 345, [76 Pac. 1098].)

Nor can we hold that the error was cured by the testimony subsequently given by defendant upon this matter, under the rule declared in *Treat* v. *Reilly,* 35 Cal. 129, that a party cannot be held to be injured by the admission or refusal to strike out objectionable testimony, if the same party afterwards introduces the same testimony. (See, also, *People* v. *Marseiler,* 70 Cal. 98, [11 Pac. 503].) In addition to the fact that what was said by plaintiff on this subject was said by him purely in self-defense, solely to meet and explain the objectionable evidence as far as possible, and cannot well

be held to have been voluntary (see 1 Wigmore on Evidence, sec. 18d, note), the testimony of defendant in relation to the interview between himself and Bradshaw differed materially from that given by Bradshaw, in that he said that he told Bradshaw that he had been discharged from the case, thus telling him the truth in the matter, instead of a falsehood.

It is impossible for us to say to what extent this objectionable evidence influenced the jury in rendering their verdict. Its direct tendency was to prejudicially affect defendant by placing him in a most unfavorable light, and we must presume that it had that effect. (See *Rulofson* v. *Billings,* 140 Cal. 452, 460, [74 Pac. 35] ; *Lathrope* v. *Flood,* 135 Cal. 458, 461, [67 Pac. 683] ; *San Jose Ranch Co.* v. *San Jose etc. Co.,* 126 Cal. 322, 324, [58 Pac. 824] ; *Helling* v. *Schindler,* 145 Cal. 303, 314, [78 Pac. 710].)

This error necessitates a reversal of the judgment.

For the purposes of a new trial, it is proper to state that the portion of the second answer of Dr. Bradshaw relative to the defendant thanking him for not interfering with the case, or going to visit the plaintiff, was clearly improper testimony tending to prejudicially affect defendant's cause. We think, however, that the court did not err in overruling the merely general objection made to the question, for it is not apparent from the question itself that the response would be inadmissible. As suggested by the court of appeal in the opinion heretofore filed herein, the answer to this question "might have shown a direct admission of culpability by defendant." It was only after the answer was brought to the knowledge of the court, that the court could determine whether the evidence was proper. Under such circumstances, it is the well-settled rule applicable in a case of a *viva voce* examination of a witness, that a party must move to strike out the objectionable evidence when it is disclosed, or he is precluded from subsequently complaining. (*People* v. *Lawrence,* 143 Cal. 148, 155, [76 Pac. 1116]. See, also, *People* v. *Williams,* 127 Cal. 212, 216, [59 Pac. 581] ; *O'Callaghan* v. *Bode,* 84 Cal. 495, 496, [24 Pac. 269] ; Elliott on Evidence, secs. 884, 891.) We do not think that the mere fact that the answer to be given was already recorded in a deposition, and therefore available for examination by the

court  when the objection was made, and in advance of the ruling, made it incumbent on the trial court, in the absence of request in that behalf by defendant, or specific objection showing the inadmissibility of the evidence, to examine the answer before ruling.   The trial court cannot be called upon to know the contents of depositions on file, and it devolves on the party objecting to any portion of the deposition to make it appear to the court wherein any valid objection exists.   If objection to a question susceptible of a proper answer contained in the deposition is based on the nature of the answer given and recorded, it is the duty of the objector to so frame his objection as to specifically bring the matter to the attention of the court.   The court is no more called upon to heed a mere general objection of incompetency, irrelevancy, and immateriality, where the testimony is being read from the deposition, than it is where the witness is testifying *viva voce,* as to which the well-settled rule has already been stated.   In the absence of actual knowledge, specific objection, or intimation to the contrary, the trial court has the right to assume that a question in a deposition susceptible of an answer that may properly be given in evidence, has been so answered, and the objector's utmost remedy, in the event that the answer is read, is, as stated in *People* v. *Lawrence,* 143 Cal. 148, [76 Pac. 1116], a motion to strike out objectionable evidence given in response to the question.   Defendant should have moved to strike out this evidence, if he had desired to subsequently urge error in regard thereto, and, in the absence of such motion, we would not consider the matter on appeal.

It should further be stated that the trial court did not err in overruling the objection to the reading in evidence of the deposition of Dr. Bradshaw.   The only objection specified thereto was that the certificate of the notary did not in terms state that the deposition, when completed and read to the witness, was corrected by the witness *in every particular desired,* the statement in the certificate being as follows:   "That said deposition and the testimony given by said witness was reduced to writing by me, and, when completed, was by me carefully read to said witness, and being by him corrected, and was by him subscribed in my presence."   The statute (Code Civ. Proc., sec. 2032) provides that the deposition, when completed, "must be carefully read to the witness and

corrected by him in any particular, if desired," and then sub-scribed by the witness and certified by the officer. The pre-cise form of the certificate to be made by the officer is no-where prescribed by our law, and doubtless any certificate showing substantial compliance with the statutory provisions as to the mode of taking and certifying depositions is suf-ficient. (See *Higgins* v. *Wortell,* 18 Cal. 330.) It appears hypercritical to suggest that the certificate here did not show a substantial compliance with the provision as to the cor-rection of the deposition by the witness. The statement, that after it was carefully read to the witness it was "by him corrected" necessarily implies to the reasonable mind that the witness was given full opportunity to correct the deposi-tion so as to make it truly set forth his testimony, and that he did correct it in every particular desired by him.

There is no other matter requiring attention.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., and Sloss, J., concurred.