## OKLAHOMA UNION RY. CO. v. DASKAS.

No. 14095—Opinion Filed Sept. 16, 1924.

Rehearing Denied Nov. 12, 1924.

Second Rehearing Denied Dec. 9, 1924.

**Appeal and Error—Eminent Domain—Damages — Erroneous Verdict — Reversal for New Trial.**

Where in a proceeding to recover damages against a railway company for projecting its right of way across certain city property claimed by the defendant, and where it appears that a portion of said property was not owned by the defendant, and where evidence was introduced tending to show the adaptability of all of said property for hotel building purposes, and where it is apparent that the jury fixed the amount of recovery under the mistaken impression that the defendant owned all of said property, and where the verdict is for an entire sum and it is impossible to determine to what extent the amount of the verdict may have been controlled by improperly considering the adaptability of all of said property for hotel purposes, or to determine the amount awarded by the jury in the absence of the property which the defendant did not own, the verdict will be set aside.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Oklahoma Union Railway Company, a corporation, against Michael Daskas, to condemn property for a right of way. Judgment for defendant, and plaintiff appeals. Reversed and remanded for a new trial.

J. H. Grant, for plaintiff in error.

Ellinghausen & Ellinghausen, for defendant in error.

Opinion by FOSTER, C. The Oklahoma Union Railway Company, a corporation, in-

stituted an action in the district court of Creek county, Okla., to condemn the right of way across the north 50 feet of lots one and two in block 29 in the original townsite of the city of Sapulpa, Okla.

Michael Daskas, who was the owner of the above described property, had instituted an action in the same court to recover damages on account of said railway Company projecting its right of way across the south 100 feet of lot one in block 29 in the city of Sapulpa, Okla., of which he claimed to be the owner.

A similar action had been brought in the same court by the Oklahoma Union Railway Company to condemn a right of way against the property other than as described above, owned by different parties, and after commissioners had been appointed and had reported an appraisement of the damage, and after the owner, Daskas, had demanded a jury trial to determine the amount of his damage, all of the actions were consolidated as No. 6440, being the first proceeding hereinabove mentioned, and said action proceeded to trial in the district court of Creek county, Okla., but no testimony was taken or verdict rendered in the action which had been instituted by the railway company against the parties other than Michael Daskas, and verdicts were finally returned in the other two proceedings as consolidated.

In the trial court the Oklahoma Union Railway Company, plaintiff in error, was plaintiff, and Michael Daskas, defendant in error, was defendant, and the parties will be referred to as they appeared in the trial court.

The jury returned a verdict in favor of the defendant for $3 800, on account of an appropriation by the defendant of a portion of the north 50 feet of lots one and two in block 29, and a verdict for the sum of $300, on account of the taking of a portion of the south 100 feet of lot one in block 29.

A motion for a new trial was filed by the plaintiff and sustained as to the verdict affecting the south 100 feet of lot 1 in block 29, but overruled as to the verdict affecting the north 50 feet of lots one and two in block 29.

The action of the court in overruling its motion for a new trial was excepted to by the plaintiff, and the cause comes on regularly to this court, on appeal.

The errors assigned by the plaintiff are predicated upon the refusal of the court to give certain requested instructions and in giving other instructions over the objection of plaintiff.

It is insisted that the trial court erred in refusing to give the following instruction requested by the plaintiff:

"The court instructs the jury that in fixing the damages sustained by the defendant you shall not take into consideration any damages to the south 100 feet of lot one, block 29, for the reason that it is not shown that defendant is the owner of that portion of lot one."

It is not claimed, as we understand it, that the defendant owned the south 100 feet of lot one in block 29 at the time of the trial. It is not disputed that the defendant's claim of title to this property was based upon a void tax deed, and that the verdict of the jury, in so far as it allowed a recovery for the taking of any part thereof, was properly set aside.

The record shows very clearly, we think, that the cause was tried and submitted to the jury upon the theory that the defendant owned not only the north 50 feet of lots one and two, but also the south 100 feet of lot one, although it was apparent the defendant did not own the south 100 feet of lot one, and was therefore not entitled to recover any sum for the appropriation of any part thereof by the plaintiff.

Obviously, then it was error to refuse the instruction under consideration, unless it can be said upon an examination of the entire record that the jury was not misled by the refusal to give it; that is to say that the jury could not have been influenced in any manner with respect to the amount of the damages allowed the defendant for the appropriation of a part of the north 50 feet of lots one and two, by a mistaken belief on their part that the defendant also owned the south 100 feet of lot one.

Counsel for defendant in their brief quote extensively from the testimony, and present an argument designed to show that the jury was not influenced or misled in any manner by the fact that they may have been under the mistaken impression that the defendant in fact owned the south 100 feet of lot one, and emphasize certain portions of the testimony in the argument.

On the other hand, counsel for plaintiff point out and emphasize other parts of the testimony which would indicate at least that the jury in arriving at its verdict was guided in part by a belief that the defendant was the owner of the south 100 feet of lot one.

In view of the fact that the defendant was

responsible for the introduction into the case of the primary element of confusion, it would appear only just and reasonable to require him to remove every inference that might be drawn by the jury from the evidence inconsistent with his claim that the jury could not have been misled by a mistaken belief of ownership by the defendant of the property in question.

An examination of the testimony convinces us that he has failed to do this.

There is testimony tending to show that the jury in arriving at its verdict took into consideration that the defendant owned all of said property, and based its verdict of $3,800 upon the fact that all of said property, and not some part thereof, particularly the north 50 feet of lots one and two was adapted as a hotel site.

The inference to be drawn from some of the evidence, at least, is that the witnesses for the defendant, in fixing the damages-sustained by the defendant by the taking of the property, took into consideration the adaptability of the entire Daskas property as a hotel site, and not some particular part thereof. Such inference was permitted by the defendant to stand unchallenged.

No witness swore that, in fixing the damages sustained by the defendant by the appropriation of the north 50 feet of lots one and two, he considered its adaptability for hotel purposes apart from, and without reference to the south 100 feet of lot one, and that its value for a hotel site, when so considered, would be the same as when considered in connection with the other property.

It is true some of the witnesses were shown a plat of the property, but obviously this plat was shown to acquaint them with the general location of the entire property and not for the purpose of enabling them to determine the adaptability of the north 50 feet of lots one and two for hotel purposes, without reference to the rest of the property. Nor can the fact that separate verdicts were rendered by the jury relieve the situation. The verdict of $3,800 was an entire sum, and was rendered in the only proceeding in which a verdict could legally be rendered, and the case at bar differs in nowise from the situation presented, if the case originally had concerned only the north 50 feet of lots one and two, and the court had admitted evidence of damage to other property owned by strangers to the action which might have influenced the amount of the verdict.

In such a situation can it be doubted that the trial court would set the verdict aside where it had failed to exclude such testimony at the trial?

We think the case at bar comes within the rule of law laid down by the Supreme Court of California in the case of Lathrope et al. v. Flood, 67 Pac. 683, where the court in the third paragraph of the syllabus, said:

"Where, in an action for damages, the verdict is for an entire sum, without specifying the amounts of the several items of damages considered by the jury under the instructions, one of such items was improper, and it is impossible to determine the amount awarded in the absence of such improper item, the verdict will be set aside."

In the case referred to, it is said in the body of the opinion:

"Moreover, there was no evidence before the jury from which they could find that the death of the child was caused by negligence or want of skill on the part of the defendant in his efforts to effect its delivery. A claim for damages by reason of the death of the child should have been specially pleaded, and the right to recover such damages was in the husband alone. If such claim had been set forth in the complaint herein, the complaint would have been subject to demurrer for a misjoinder of parties plaintiff. The case before the court did not, therefore, authorize any recovery for damages arising from the death of the child; and it was error for the court to instruct the jury that in assessing damages they could consider whether the defendant's conduct had any connection with its death, and could also consider his acts and omissions in causing its death. Such instruction was foreign to any issue in the case, and was misleading, and tended to divert the jury from a consideration of the only questions proper to be submitted to them. Whitman v. Steiger, 46 Cal. 256; Hanks v. Naglee, 54 Cal. 51, 35 Am. Rep. 67."

See, also, J. B. Hill Co. v. Pinque (Cal.) 178 Pac. 952.

It is impossible for this court to determine on the evidence introduced how far the verdict of the jury may have been controlled and influenced by considering the adaptability of the north 50 feet of lots one and two for hotel purposes in connection with the south 100 feet of lot one, owned by strangers to the action, and for this reason, we think the verdict of the jury should be set aside and a new trial granted.

That the failure of the trial court to instruct the jury as requested by the plaintiff under the record and evidence introduced at the trial was error, and amounted to a denial to the plaintiff of a substantial right.

Having arrived at the conclusion that the

cause must be reversed for the reasons stated, it is unnecessary to consider propositions raised and discussed by the plaintiff under its other assignments of error.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.