[Civ. No. 5319. Second Appellate District, Division Two.—May 10, 1929.]

S. H. HARRIS, Appellant, v. M. N. REINGOLD, Respondent.

710

Shapiro & Shapiro for Appellant.

Henry Haves for Respondent.

THOMPSON (IRA F.), J.—Plaintiff sued on a promissory note in the sum of $728.48. The defendant answered, admitting the execution of the note, alleging lack of consideration, and denying that there was any sum unpaid, due or payable. At the trial the defendant offered to prove an agreement between the payee and the defendant whereby the indebtedness evidenced by the note was satisfied and the note canceled. An objection was interposed by the plaintiff on the ground that the testimony was incompetent, irrelevant and immaterial, and tending to vary the terms of a written instrument, attention being called to the fact that payment was not plead. The court overruled the objection with the statement, "I will hear the testimony and strike it out in the event it is not admissible." No motion to strike was made. The court found that the note had been paid and canceled and that no obligation from the defendant to the plaintiff existed. Judgment was accordingly rendered in favor of the defendant and the plaintiff appeals therefrom.

■ Appellant contends that the testimony admitted was proof of an accord and satisfaction which must be specially pleaded before the same may be introduced, and that the evidence was therefore irrelevant and immaterial. In the case of *B. & W. Engineering Co.* v. *Beam,* 23 Cal. App. 164 [137 Pac. 624], the court said: "At one time, in this state, there existed a confusion if not a conflict of authority upon the question as to whether or not the defense of accord and satisfaction was required to be specially pleaded. . . . it was held in the case of *Fitch* v. *Brockmon,* 2 Cal. 575, that it was error to consider the defense of accord and satisfaction unless specially pleaded," and in "*Coles* v. *Soulsby,* 21 Cal. 47, it was held that the defense of accord and satisfaction involved new matter which, if established, would avoid the action, and therefore should be specially pleaded. Later this was declared to be so because, under our practice as codified, a general denial puts in issue only the allegations of the complaint, and consequently would not suffice to apprise the adverse party of the new matter which he would be required to encounter and overcome at the trial. (*Glazer* v. *Clift,* 10

Cal. 303.) . . . [B]ut the rule declared and followed in the series of cases commencing with *Piercy* v. *Sabin,* 10 Cal. 22 [70 Am. Dec. 692], has not only never been disputed or departed from, but it has been cited with approval in the comparatively recent case of *Wilson* v. *California R. R. Co.,* 94 Cal. 166 [17 L. R. A. 685, 29 Pac. 861]. *It may therefore be said with certainty that the settled rule of pleading in this state requires an agreement of accord and satisfaction to be specially pleaded before it can be availed of as a defense.''* (Italics ours.)

■ Since there can be no doubt that the testimony offered and adduced constituted an accord and satisfaction, we must say, under this authority, that the immateriality of the offered testimony and of the error resulting from its admission is established.

■ This brings us to the question, Could the court, by committing error, lead counsel to waive his objection by failure to move to strike? In answering this question we shall treat the subject as if the court had said, ''I will hear the testimony and counsel may later move to strike it out,'' although it will be noted that the court's language was very different, in form at least.

In the case of *Clopton* v. *Clopton,* 162 Cal. 27 [48 A. L. R. 493, 121 Pac. 720], it appeared that the trial judge received evidence subject to objection, reserving its ruling, and decided the case without reconsidering the matter. It was held that the admissibility of the evidence could be considered on appeal. It was said: ''The court reserved its ruling, receiving the evidence subject to the objection. Apparently it has never formally ruled on this objection except in so far as a ruling against the objection is to be inferred from the fact that the court has found, upon the facts so testified to, in favor of plaintiff. That matter must here be regarded as though defendants' objections had been formally overruled and exceptions noted to such rulings.''

The court further says in the Clopton case: ''In passing it is proper to say, as has been said before, that the practice of receiving evidence that is objected to, subject to the objection and without a ruling thereon, is not except under very exceptional circumstances to be commended. And where such a course is followed, certainly a ruling should be made

prior to the conclusion of the trial and in time to enable the party to fully present his case in the light of such ruling.''

In the case of *Evangelical Synod* v. *Schoeneich*, 143 Mo. 652 [45 S. W. 647], it appeared that the trial court admitted evidence over an objection, saying at the time that he would later consider the objection, but the matter was not brought to his attention again. The appellate court said: ''The logical effect of the ruling of the court was to overrule the objection; and nothing more was required of defendant, in order that he might have that ruling reviewed by this court, than to save his exception thereto at the time, and call the attention of the court thereto in the motion for a new trial.''

Likewise, in *Root* v. *Kansas City So. R. Co.*, 195 Mo. 348 [6 L. R. A. (N. S.) 212, 92 S. W. 621], wherein it appeared that incompetent testimony, prejudicial to the defendant, was admitted over its objection, on the condition that the plaintiff would later connect the testimony with other testimony, which he never did, it was held that the plaintiff's motion for a new trial on account of the admission of such evidence should have been allowed, although he had made no motion to strike the evidence from the record after it appeared that it would not be made competent by connecting it with other testimony. The court said: ''In this case, the motion for a new trial was overruled, and in our opinion the trial court erred in that ruling. And this is so in spite of the insistence of respondent that appellant should have renewed its attack by a motion to strike out. Appellant was not in fault; why should it ask a second time for what was denied it at first because of a promise of respondent, broken thereafter? It was respondent who did the mischief, who tolled the court into error, and it was he who thence onward carried the burden of undoing the wrong and who must bear the blame.''

In the New York case of *Herzfeld* v. *Reinach*, 44 App. Div. 326 [60 N. Y. Supp. 658], the court said: ''The method adopted by the referee in reserving his decision upon objections and motions made by the respective parties during the progress of the trial, and then not disposing of such objections before the final submission of the case, so that the party ruled against may have his exception to the ruling noted if he so desires, cannot be sanctioned by this court. . . . We think it must be held, when objections are made during the progress of the trial to the reception of evidence,

or motions are made to strike out the same after it has been received, and the referee omits to rule upon such objections or motions at the time they are made, or before the close of the trial, that then such objections and motions must be considered upon review the same as if they had been decided in favor of the successful party, and an exception duly taken thereto, unless the successful party can show that the omission to make the rulings did not, and could not by any possibility, injure the defeated party.''

Our court has summarized the law very succinctly in the case of *Short* v. *Frink*, 151 Cal. 83 [90 Pac. 200], where it says:

''It was not necessary for defendant, in order to save this point, to make a motion to strike out the testimony after it was read. It is only where it is not apparent from the question itself that the response thereto will, upon any theory of the case, be inadmissible, and the inadmissible evidence is for the first time disclosed by the answer, that the rule declared in *People* v. *Lawrence*, 143 Cal. 148, 155 [68 L. R. A. 193, 76 Pac. 893], is applicable, and a motion to strike out is essential to preserve the right of the objector to complain. Where the question upon its face shows that the testimony called for is necessarily inadmissible, the rights of a party are fully preserved by his objection to the proposed evidence, and his exception to the ruling admitting the same. In fact this is the only way in which he can preserve his objection where the question is of such a character, and the answer is strictly responsive to the question. (See *People* v. *Long*, 43 Cal. 444; *People* v. *Scalamiero*, 143 Cal. 343, 345 [76 Pac. 1098].)'' Nor can it be urged that appellant was not prejudiced. We must assume that he came into court prepared to try the case upon the issues which had been framed and unprepared to try any other or different issues. We have no way, it is true, of saying what might have been introduced in rebuttal of this new defense had appellant been prepared to meet it. But we do have the very significant statement of the trial judge, which throws into bold relief the prejudice suffered by the appellant by this erroneous admission of testimony. He said: ''I will say very frankly that I am not greatly impressed with the testimony of the defendant, but there are two witnesses and nobody to contradict them.'' In the face of this state-

714

ment it is impossible for us to say that the appellant did not suffer great damage.

Judgment reversed.

Works, P. J., and Craig, J., concurred.